IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KELLY MILLIGAN,<br>on behalf of himself and all others similarly situated,<br><br>              Plaintiff,<br><br>   v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP.,<br><br>              Defendants. | Case No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br><br>Magistrate Judge David Keesler |

**CERTIFICATION AND REPORT OF FED. R. CIV. P. 26(f)**
**CONFERENCE AND DISCOVERY PLAN**

Plaintiff Kelly Milligan ("Plaintiff") and Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") (together, "Defendants"), by and through their attorneys, respectfully submit this Joint Certification and Report of Fed. R. Civ. P. 26(f) Conference and Discovery Plan.

     1.     **Certification of Conference.** Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on July 26, 2024 by telephone and was conducted by the undersigned counsel for the designated parties in the above-captioned case. Specifically, Jack Edwards, Robert Izard, and Zane Johnson attended for Plaintiff. Matt Russell and Eric Makinen participated in the conference on behalf of Defendants.

2. **Pre-Discovery Disclosures.** The information required by Fed. R. Civ. P. 26(a)(1) will be exchanged by **September 15, 2024.**

3. **Discovery Plan.** The Parties jointly propose to the Court the following discovery and case management plan:

   a. **Fact Discovery**. All fact discovery shall be commenced in time to be completed by June 16, 2025.

      i. The Parties agree to substantially complete all document productions on or before April 17, 2025 (subject to any then-pending motions to compel or other discovery motions, if any).

   b. **Discovery Limits**:

      i. Maximum of 25 interrogatories from Plaintiff to Defendants.
      ii. Maximum of 25 interrogatories from Defendants to Plaintiff.
      iii. Maximum of 25 requests for admission from Plaintiff to Defendants.
      iv. Maximum of 25 requests for admission from Defendants to Plaintiff.
      v. Maximum of 50 requests for production of documents from Plaintiff to Defendants.
      vi. Maximum of 50 requests for production of documents from Defendants to Plaintiff.
      vii. Maximum of 8 fact depositions by Plaintiff.
      viii. Maximum of 8 fact depositions by Defendants.

   c. **Expert Discovery.** Reports from retained experts under Rule 26(a)(2) will be due:

      i. From Plaintiff on or before July 16, 2025
      ii. From Defendants on or before August 15, 2025.
      iii. Supplementations to any expert reports due within 60 days of trial.
      iv. Depositions of any proposed expert witnesses: September 29, 2025.
      v. Motions to exclude expert witnesses due on or before November 13, 2025.

   d. **Class Certification**.

      i. Plaintiff's motion for class certification, if any, due on or before July 16, 2025.

4. **Other Items.**

   a. The Parties request a conference with the Court before entry of a scheduling order.

   b. All potentially dispositive motions must be filed on or before November 13, 2025.

   c. Settlement is unlikely at this time. The Parties will continue to reassess this view as the case progresses.

   d. Final lists of witnesses and exhibits under Rule 26(a)(3) are due:

      i. From Plaintiff: within 30 days of trial.

      ii. From Defendants: within 30 days of trial.

   e. If this case is ultimately tried, trial is expected to take approximately 5 trial days.

   f. The Parties have discussed the issue of consent to the jurisdiction of a U.S. Magistrate Judge. The Parties do not jointly consent to the jurisdiction of a U.S. Magistrate Judge in this matter.

5. **Other Case Management Issues.**

   a. The Parties anticipate preparing and submitting a joint proposed protective/ confidentiality order in this matter.

   b. Defendants anticipate filing a prompt motion for summary judgment, to allow this Court to resolve the central legal issue in this case: whether the WealthChoice Contingent Award Plan ("Plan") is an "employee benefit pension plan" within the meaning of the Employee Retirement Income Security Act ("ERISA"), *see* 29 U.S.C. § 1002(2)(A). Plaintiff alleges three causes of action, all of which arise under ERISA. Dkt. 1, ¶¶ 61-80. If the Plan is not governed by ERISA, therefore, the Complaint does not state a claim upon which relief may be granted. The Court also would lack subject matter jurisdiction because Plaintiff relies on federal-

question jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e)(1). *Id.* ¶ 7. Moreover, Defendants believe the Court's resolution of this issue will turn on facts that are not genuinely disputed and are readily determinable from a limited, core set of Plan-related materials, which Defendants expect to produce to Plaintiff before or contemporaneously with the filing of their anticipated motion. Accordingly, notwithstanding the deadline set forth in Section 4(b) above, Defendants reserve the right to file a summary judgment motion "at any time." Fed. R. Civ. P. 56(b).

c.  Plaintiff agrees that the ERISA issues might be appropriate for a motion for summary judgment. In the interest of efficiency, however, the issues should be decided on cross-motions for summary judgment, which should occur after a motion for class certification under Rule 23(b)(1). As a general matter, "the determination of class status is to be made before the decision on the merits." See *Nance v. Union Carbide Corp.*, 540 F.2d 718, 723 n.9 (4th Cir.1976) (internal quotation marks omitted)), vacated in part on other grounds, 431 U.S. 952 (1977); *Muhammad v. Giant Food Inc.*, 108 Fed. Appx. 757, 763 (4th Cir. 2004) (describing statement in *Nance* as dictum but assuming that "district courts should rule on class certification requests before ruling on a summary judgment motion or otherwise ruling on the merits of the claims"). That is particularly true in this case, which involves a single plan with a single sponsor and, therefore, class certification should be routine under Rule 23 (b)(1). *See, e.g.. Berry v. Wells Fargo & Co.*, 2018 WL 9989754, at *11-13, 2018 U.S. Dist. LEXIS 220095, No. 3:17-00304-JFA (D.S.C. Oct. 9, 2018) (ECF No. 85) (order certifying class). Because of the one-way intervention doctrine, Plaintiffs are precluded from moving for summary

- 4 -

judgment before class certification. While Plaintiffs seek to move quickly through class certification and summary judgment, it makes no sense for summary judgment to be handled piecemeal. It also does not seem reasonable to allow Defendants to move for summary judgment while effectively precluding Plaintiffs from doing so simultaneously.

Dated: August 9, 2024                                    Respectfully submitted,

                                                                   */s/ John D. Hurst*

                                                                   John D. Hurst

Thomas R. Ajamie*  
John S. "Jack" Edwards, Jr.*  
Courtney D. Scobie*  
AJAMIE LLP  
Pennzoil Place - South Tower  
711 Louisiana, Suite 2150  
Houston, TX 77002  
Telephone: (713) 860-1600  
Facsimile: (713) 860-1699  
tajamie@ajamie.com  
jedwards@ajamie.com  
cscobie@ajamie.com  

Robert A. Izard*  
Christopher M. Barrett*  
IZARD, KINDALL & RAABE LLP  
29 South Main Street, Suite 305  
West Hartford, CT 06107  
Tel: (860) 493-6292  
Fax: (860) 493-6290  
rizard@ikrlaw.com  
cbarrett@ikrlaw.com  

*Admitted *pro hac vice*

John D. Hurst
N.C. Bar No. 37680
MOTLEY RICE LLC
50 Clay Street, Suite 1
Morgantown, WV 26501
Telephone: (304) 413-0456
Facsimile: (304) 413-0458
jhurst@motleyrice.com

William H. Narwold*
Mathew P. Jasinski*
Douglas P. Needham*
MOTLEY RICE LLC
27 Church Street, 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
bnarwold@motleyrice.com
mjasinski@motleyrice.com
dneedham@motleyrice.com

Respectfully submitted,

By: /s/ Robert A. Muckenfuss

Robert A. Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
MCGUIRE WOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300
zmccamey@mcguirewoods.com
rmuckenfuss@mcguirewoods.com


Sari M. Alamuddin (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
Eric M. Makinen (*pro hac vice* forthcoming)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
(312) 324-1001 (fax)
sari.alamuddin@morganlewis.com
matthew.russell@morganlewis.com
eric.makinen@morganlewis.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I, Matthew A. Russell, hereby certify that on August 9, 2024, I caused a copy of the foregoing to be filed through the Court's CM/ECF Electronic Filing System, which will transmit notice of such filing to all counsel of record.

/s/ Matthew A. Russell