UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INC., BANK OF AMERICA CORP.,<br>and JOHN/JANE DOE 1, THE SENIOR VICE<br>PRESIDENT–HUMAN RESOURCES<br>GLOBAL BANKING AND GLOBAL<br>WEALTH AND INVESTMENT<br>MANAGEMENT ADMINISTRATION AT<br>BANK OF AMERICA CORP.,<br><br>Defendants. | Case No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br>Magistrate Judge David Keesler |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED MOTION
TO FILE CERTAIN EXHIBITS TO DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT UNDER SEAL**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 6.1 Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") (together, "Defendants") file this Memorandum in Support of its Motion to Seal.[1]

Defendants' Memorandum of Law in Support of their Motion for Summary Judgment attaches certain exhibits that contain sensitive, confidential information. Specifically, these exhibits contain information concerning the structure, terms, and periodic adjustments to the Merrill Lynch financial advisor compensation program, which is an important component of

---

[1] Defendants have conferred with Plaintiff regarding the relief sought in the Motion to Seal, and Plaintiff does not oppose the relief requested herein.

1

Merrill Lynch's ability to recruit and retain successful financial advisors in a highly competitive market for such employees. Defendants' exhibits also include information relating to amounts paid to Plaintiff Kelly Milligan during his employment. To protect the confidential and personal information in the Memorandum and exhibits, Defendants seek to file the following under seal:

- An unredacted version of Defendants' Memorandum of Law in Support of their Motion for Summary Judgment.
- Exhibit 1 – An unredacted version of the Declaration of Susanne Testani;
- Exhibit 3 – An unredacted version of the Declaration of Tim Shook;
- Exhibit B- 2015 Financial Advisor Incentive Compensation Plan;
- Exhibit C- 2016 Financial Advisor Incentive Compensation Plan;
- Exhibit D- 2017 Financial Advisor Incentive Compensation Plan;
- Exhibit E- 2018 Financial Advisor Incentive Compensation Plan;
- Exhibit F- 2019 Financial Advisor Incentive Compensation Plan;
- Exhibit G- 2020 Financial Advisor Incentive Compensation Plan; and
- Exhibit S – An unredacted version of Plaintiff's 2019 WealthChoice Award Agreement.

Defendants also will file a public, redacted version of their Memorandum of Law in Support of their Motion for Summary Judgment and Exhibits 1, 3 and S, with redactions limited only to the confidential information contained in those Exhibits.

## ARGUMENT

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Courts within the Fourth Circuit consistently hold that redaction of confidential business information is appropriate when, as here, public disclosure could "harm the parties' business interests." *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining seal on "confidential financial and business information which, if made public, could

2

Case 3:24-cv-00440-KDB-DCK    Document 42-1    Filed 09/30/24    Page 2 of 5

harm the parties' business interests," and this "risk outweighs the public's right to access these documents"); *see also Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019) (Bell, J.), *aff'd*, 845 F. App'x 205 (4th Cir. 2021) (citing *EMove* and maintaining seal of confidential business information to prevent public disclosure).

The Fourth Circuit's decision in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) provides that before entering an order to seal, a district court must "(1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id*.

Public notice of this Motion to seal satisfies the first *Ashcraft* consideration. *See* LCvR 6.1(e) ("Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c).").

The second *Ashcraft* consideration is also satisfied, because Defendants will file redacted copies of their Memorandum of Law in Support of their Motion for Summary Judgment and Exhibits 1, 3, and T, which redact only the confidential information contained therein. The filing of the redacted copies protects the confidential business information contained in Defendants' Memorandum and the three cited Exhibits, while also providing the public with an opportunity to "assess[] the basis of the court's decision in this matter." *Jones*, 402 F. Supp. 3d at 291. However, filing redacted copies of Exhibits B-G—each of which is an annual Merrill Lynch Financial Advisor Incentive Compensation Plan—would not sufficiently protect Defendants' confidentiality and business interests because making any portion of such compensation plans available to competitors would harm Defendants' ability to recruit and retain financial advisors. Likewise, filing unredacted versions of Exhibits 1, 3, and S would reveal certain personal and confidential information about compensation Plaintiff Kelly Milligan was paid during his employment.

3

Finally, the third *Ashcroft* factor is satisfied because the confidential business information contained in Defendants' Exhibits could cause harm to Defendants should the information be disclosed. In particular, the Merrill Lynch Financial Advisor Incentive Compensation Plans—published annually and specifically labeled as "**For Internal use only – not for distribution to the public**"—summarize the terms of compensation programs for financial advisors, which Defendants consistently treat as proprietary business information. The hiring market for successful financial advisors is highly competitive, and Merrill Lynch's ability to recruit and retain such advisors is important to the success of its business. Financial advisors are commonly recruited by other firms, and many choose to change employers over their careers. As such, disclosure of the confidential information contained within the Exhibits at issue could cause business and competitive harm Defendants, therefore satisfying the third *Ashcraft* consideration.

## CONCLUSION

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter an Order allowing Defendants to file the Exhibits under seal.

This is the 30th day of September 2024.    Respectfully submitted,

By: */s/ Robert A. Muckenfuss*

MORGAN, LEWIS & BOCKIUS LLP    MCGUIRE WOODS LLP

Samuel S. Shaulson (*pro hac vice forthcoming*)
600 Brickell Avenue
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
samuel.shaulson@morganlewis.com

Sari M. Alamuddin (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
Eric M. Makinen (*pro hac vice* forthcoming)
110 North Wacker Drive, Suite 2800

Robert A. Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300
zmccamey@mcguirewoods.com
rmuckenfuss@mcguirewoods.com

*Attorneys for Defendants*

Chicago, IL  60606
(312) 324-1000
(312) 324-1001 (fax)
sari.alamuddin@morganlewis.com
matthew.russell@morganlewis.com
eric.makinen@morganlewis.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of September, 2024, the foregoing was filed with the Court using the CM/ECF system.

                                                    /s/ *Robert A. Muckenfuss*
                                                    Robert A. Muckenfuss