## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION
## CASE NO.  3:24-CV-440-KDB-DCK

| | | |
|---|---|---|
| **KELLY MILLIGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **ORDER** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **MERRILL LYNCH, PIERCE, FENNER** | ) | |
| **& SMITH, INC., et al.,** | ) | |
| | ) | |
| **Defendants**. | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** on the "Joint Motion For Entry Of Stipulated Protective Order" (Document No. 43) filed September 30, 2024.  This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate.  Having carefully considered the motion and the record, the undersigned will grant the motion and enter the Stipulated Protective Order as follows.

**IT IS, THEREFORE, ORDERED** that:

**1.**      **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in the Action is likely to involve the production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting and defending the Action is warranted.  Protection of the identified categories of confidential, proprietary, or private information is necessary because certain documents and information the parties and others may produce as part of their disclosures or in response to discovery requests contain confidential information, personal compensation, or financial information about current or former employees

of the Defendants, proprietary and sensitive business information, and other confidential personal and financial information. Accordingly, the Parties stipulate to, and request that the Court enter, the following Stipulated Protective Order (the "Order").

The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery, and that the protections it affords from public disclosure and use extend only to the limited information or items entitled to confidential treatment under applicable law.

## 2. **DEFINITIONS**

2.1    <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2    <u>"CONFIDENTIAL" Information or Items</u>:  information (regardless of how it is generated, stored, or maintained) or tangible things that contain confidential and non-public development, financial, or commercial information or non-public personal information or any other information for which a good faith claim of need for protection from disclosure can be made under the Federal Rules of Civil Procedure or other applicable law.

2.3    <u>Counsel</u>:  Outside Counsel of Record and In-House Counsel (as well as their support staff).

2.4    <u>Designating Party</u>:  a Party or Non-Party that designates information or items that it produces as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY".

2.5    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner in which they are generated, stored, or maintained (including, among other things, testimony, transcripts, exhibits, all tangible things, electronically stored information,

documents, records, minutes, and information derived directly therefrom), that are produced or generated in this Action.

2.6     Expert: a person with specialized knowledge or experience in a matter pertinent to the Action who has been retained by a Party or its Counsel to serve as an expert witness or as a non-testifying consultant in this Action.

2.7     In-House Counsel: litigation attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8     "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: information or items (regardless of how generated, stored, or maintained) or tangible things that satisfy the definition of Confidential Information and that the Designating Party reasonably and in good faith believes is so highly sensitive that its disclosure could result in significant competitive or commercial disadvantage to the Designating Party.

2.9     Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party in this Action.

2.10    Outside Counsel of Record: attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to the Action and have appeared in the Action on behalf of that Party or are affiliated with or contracted by a law firm which has appeared on behalf of that Party.

2.11    Party: any party to this Action, including its officers, directors, and employees.

2.12    Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.14    <u>Privacy Information</u>:  any documents containing an individual's social security number or taxpayer identification number (other than only the last four digits thereof), an individual's birth date (other than only the year of the individual's birth), the name of an individual known to be a minor (other than only the minor's initials), a financial account number (other than only the last four digits thereof), "Personal Data," "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state, or foreign data protection laws, including without limitation the General Data Protection Regulation (EU) 2016/679 (the "GDPR"), or any information that a party or non-party believes in good faith to be subject to non-US data protection laws, regardless of whether such information has been designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" (collectively, "Privacy Information").

2.15    <u>Protected Material</u>:

(a)    any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

(b)    any Privacy Information.

2.16    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3. **SCOPE**

This Order applies to (a) Protected Material (as defined above); (b) any information copied or extracted from Protected Material; (c) all copies, excerpts, summaries, or compilations of Protected Material; and (d) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. This Order shall govern all documents and information produced, whether informally or pursuant to formal discovery requests, and shall include all information contained in the documents or information revealed during a deposition or in any interrogatory answer or otherwise disclosed in discovery.

This Order does not apply to (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order; and (b) any information obtained by the Receiving Party, either before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Order does not prevent any party from seeking relief from the Court related to the production of documents or information. This Order does not alter any confidentiality obligations that a party may have at law or under another agreement. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. **DURATION**

Even after Final Disposition of the Action, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party otherwise agrees in writing or a court order otherwise directs. "Final Disposition" shall be deemed to be the later of (1) dismissal of all claims and defenses in the Action, with or without prejudice; and (2) final judgment herein after the

completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of the Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law. After Final Disposition, all Protected Material shall be maintained or destroyed pursuant to normal business practice or local Data Protection Laws. This Court will retain jurisdiction to enforce the terms of this Order following the Final Disposition of the Action.

## 5.    CONFIDENTIAL DESIGNATIONS

5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items as Protected Materials under this Order must take reasonable care to limit any such designation to specific material that qualifies for protection under the appropriate standards. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the inapplicable designations.

5.2    Manner and Timing of Designations. Except as otherwise provided in this Order or as otherwise stipulated or ordered, and to the extent feasible, any material designated as Confidential under this Order shall be so designated before or at the time the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)    for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial proceedings), that the Producing Party or Designating Party affix "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page of the document and on all copies in a manner that will not interfere with the legibility of the document. In lieu of marking the originals of documents, any party may mark the copies of such documents that are produced or exchanged. If a document is marked or

stamped as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY," the designation must not cover or mark over any textual material in the document. As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries, or descriptions that contain the Confidential Information. If it is not practicable to affix the marking to the document, then the Producing Party or Designating Party must clearly identify the Protected Material in a writing accompanying the document, with the accompanying Bates production numbers or other unequivocal identifier. Any copies of designated documents must also bear the marking, except that indices, electronic databases, or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked. A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or pages thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each document or page of a document that contains Protected Material.

(b)     for testimony given in deposition or in other pretrial proceedings, that the Designating Party either (1) identifies on the record, before the close of the deposition, hearing, or other proceeding, that they seek to designate the transcript (or portions thereof) as Confidential; or (2) no later than 30 days after receipt of the final transcript, informs the other party in writing of

which portions of the specific sections of the transcript that they seek to designate Confidential. The deposition or other pretrial proceeding shall be treated as Protected Material in its entirety until the expiration of 30 days following the delivery of the final transcript to all parties. After the expiration of that period, the transcript shall be treated only as actually designated.

   (c) <u>for information produced in some form other than documentary form and for any other tangible items</u>, that the Producing Party affixes in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY". If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection asserted.

  5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

## 6. **<u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>**

  6.1 <u>Timing of Challenges</u>. Any Party may challenge a confidentiality designation within 120 days of disclosure of the designation.

  6.2 <u>Meet and Confer</u>. To challenge a confidentiality designation, the Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge with sufficient particularity to enable the Parties to engage in a meaningful meet-and-confer discussion. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is

being made in accordance with this specific paragraph of the Order. The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in person or by phone) within 14 days of the date of service of notice. In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was not proper and shall give the Designating Party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain why the chosen designation is proper. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet-and-confer process first or establishes that the Designating Party is unwilling to participate in the meet-and-confer process in a timely manner.

6.3    <u>Judicial Intervention</u>.    If the Parties cannot resolve a challenge without Court intervention, the Challenging Party shall file and serve a motion to challenge the designation. Any such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet-and-confer requirements in the preceding paragraph. Failure by the Challenging Party to submit the required declaration shall automatically waive the challenge. The burden of proving the necessity of a confidentiality designation remains with the Designating Party. Frivolous challenges and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens) may expose the Challenging Party to sanctions. Until the Court rules on a challenge, all Parties must continue to treat the materials at issue with the protection to which it is entitled under the Designating Party's designation.

## 7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>.    A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only, for prosecuting, defending, or attempting to settle the Action, including any appeals. Such Protected

Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the Action has been terminated, a Receiving Party must comply with the provisions of Section 16 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)     where the Receiving Party is an individual, the Receiving Party her- or himself;

(c)     where the Receiving Party is an entity, the officers, directors, employees (including In-House Counsel), and professional vendors of the Receiving Party to whom it is reasonably necessary to disclose the information to for purposes of the Action, including the Receiving Party's insurer(s), if applicable;

(d)     the Court and its personnel;

(e)     court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for purposes of the Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     any potential, anticipated, or actual fact witness and his or her counsel, but only to the extent such Protected Material will assist the witness in recalling, relating, or explaining

facts or in testifying, and only after such persons have completed the certification contained in Exhibit A, except that counsel for the Parties may show a witness in a deposition, at a hearing, or at trial items or information designated "CONFIDENTIAL" without the witness's having completed the certification contained in Exhibit A. Any witness who is shown items or information designated "CONFIDENTIAL" is bound by this Order to maintain the confidentiality of such items or information once the witness is on notice of the terms of this Order

(g)     Experts retained by the Receiving Party for purposes of this Action and to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(h)     the author or recipient of a document containing the information;

(i)     any mediator appointed by the Court or jointly selected by the Parties; and

(j)     other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3     <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items</u>. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" solely for purposes of this Action only to:

(a)     the Receiving Party's Outside Counsel of Record in the Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for purposes of the Action;

(b)     In-House Counsel of the Receiving Party to whom disclosure is reasonably necessary for purposes of the Action, who have signed the "Acknowledgement and Agreement to

Be Bound" (Exhibit A), and who has been designated to receive such information or item ("Designated In-House Counsel");

(c)     Witnesses who appear for deposition in this matter, during the course of their testimony, after the witness has been advised of the need to keep the information confidential and agrees to do so in writing by signing the "Acknowledgment and Agreement to Be Bound" (Exhibit A), to the extent that the information labeled "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" relates directly to the witness and must reasonably be disclosed in order to conduct the witness's deposition;

(d)     Experts engaged by the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgement and Agreement to Be Bound" (Exhibit A);

(e)     the Court and its personnel;

(f)     court reporters and their staff, professional jury or trial consultants, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     the author or recipient of a document containing the information;

(h)     any mediator appointed by the Court or jointly selected by the Parties; and

(i)     other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

8.      **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in the Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a)     Within five business days from receiving the subpoena or order, notify in writing the Designating Party, and include in such notification a copy of the subpoena or order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order, and include a copy of this Order with the notification; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by an appropriate court, unless the Party has obtained the Designating Party's permission.   The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

## 9.    APPLICABILITY OF THIS ORDER TO NON-PARTIES

9.1    <u>Order Applicable to Non-Parties.</u>  The terms of this Order apply to information produced by Non-Parties in the Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  Any information produced by Non-Parties in this Action is protected by the remedies and relief provided by this Order.  Nothing in this Order shall prohibit a Non-Party from seeking additional protections.

9.2    <u>Service of Order with Non-Party Discovery Request.</u>  The Party issuing any subpoena or other discovery request on any Non-Party in this Action shall include with any such subpoena or discovery request a copy of this Order.

9.3 <u>Request to a Party Seeking Non-Party Confidential Information</u>. If a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b) promptly provide the Non-Party with a copy of this Order, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c) make the information requested available for inspection by the Non-Party.

If the Non-Party fails to object or seek a protective order from this Court within 14 days of receiving the notice and accompanying information, the Party that received the discovery request may produce the Non-Party's responsive confidential information. If the Non-Party timely seeks a protective order, the Party that received the discovery request shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the Court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its Protected Material.

## 10. <u>FILING OF PROTECTED MATERIAL</u>

If a Party wishes to file any Protected Material or any papers containing or referencing the content of such material in any pleading or document with the Court in this Action, (a) the Party shall do so provisionally under seal and/or with redactions, as applicable, and (b) the Designating Party shall move to file the Protected Material under seal within seven (7) days of the filing.

## 11.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party shall immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

Further, if the Receiving Party discovers any loss of Protected Material or a breach of security, including any actual or suspected unauthorized access, relating to the produced Protected Material, the Receiving Party shall:

(a)     promptly provide written notice to the Producing Party of such breach within twenty-four (24) hours of the breach discovery;

(b)     investigate and make reasonable efforts to remediate the effects of the breach, and provide the Producing Party with assurances that such breach shall not reoccur;

(c)     provide sufficient information about the breach that the Producing Party can reasonably ascertain the size and scope of the breach;

(d)     cooperate with the Producing Party or law enforcement in investigating any such security incident; and

(d)     promptly take all necessary and appropriate corrective action to terminate the unauthorized access and/or correct the breach.

## 12. <u>PROTECTED MATERIAL AND ARTIFICIAL INTELLIGENCE PLATFORMS</u>

The Receiving Party shall not load, import, submit, or otherwise transfer documents or data produced by the Producing Party to a publicly accessible Large Language Model ("<u>LLM</u>") or Artificial Intelligence ("<u>AI</u>") platform. LLM or AI platforms may be used with industry standard data security provisions and if the Party has ensured the documents or data will not be utilized to train public models or otherwise made accessible to other users of the LLM or AI platform.

## 13. <u>PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

13.1    <u>No Waiver by Disclosure</u>.  This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence.  Subject to the provisions of this Order, if a Party or subpoenaed nonparty ("Disclosing Party") discloses information in connection with this Action that the Disclosing Party thereafter claims to be privileged or protected by the attorney-client privilege or work product protection ("Privileged Information"), the disclosure of that Privileged Information will not constitute or be deemed a waiver or forfeiture—in this or any other federal or state action—of any claim of privilege or work product protection the Disclosing Party would otherwise be entitled to assert concerning the Privileged Information and its subject matter.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

13.2    <u>Notification Requirements; Best Efforts of Receiving Party</u>.  A Disclosing Party must promptly notify the Party receiving the Privileged Information ("the Receiving Party"), in writing, that it has disclosed that Privileged Information without intending a waiver by the disclosure.  Upon such notification, the Receiving Party must—unless it contests the claim of attorney-client privilege or work product protection in accordance with paragraph 13.3—promptly (i) notify the Disclosing Party that it will make best efforts to identify and return, sequester, or destroy (or in the case of electronically stored information, delete) the Privileged Information and

any reasonably accessible copies it has; and (ii) provide a certification that it will cease further review, dissemination, and use of the Privileged Information. Within five business days of receipt of the notification from the Receiving Party, the Disclosing Party must explain as specifically as possible why the Protected Information is privileged.

13.3    <u>Contesting Claim of Privilege or Work Product Protection</u>. If the Receiving Party contests the claim of attorney-client privilege or work product protection, the Receiving Party must—within five business days of receipt of the notice of disclosure—move the Court for an Order compelling disclosure of the information claimed as unprotected (a "Disclosure Motion"). The Disclosure Motion must be filed under seal and must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. Until resolution of the Disclosure Motion, the Receiving Party must not use the challenged information in any way or disclose it to any person other than those required by law to be served with a copy of the sealed Disclosure Motion.

13.4    <u>Stipulated Time Periods</u>. The Parties may stipulate to extend the time periods set forth in the paragraphs in this Section 13.

13.5    <u>Attorney's Ethical Responsibilities</u>. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials the attorney knows or reasonably should know to be privileged and to inform the Disclosing Party that such materials were produced.

13.6    <u>Burden of Proving Privilege or Work-Product Protection</u>. The Disclosing Party retains the burden—upon challenge pursuant to paragraph 13.3—of establishing the privileged or protected nature of the Protected Information.

13.7    <u>*In camera* Review</u>. Nothing in this Order limits the right of any Party to petition the Court for an *in camera* review of the Privileged Information.

13.8    <u>Voluntary and Subject Matter Waiver</u>.  This Order does not preclude a Party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule 502(a) apply when the Disclosing Party uses or indicates that it may use information produced under this Order to support a claim or defense.

13.9    <u>Review</u>.  Nothing in this Order is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.  Further, nothing in this Order is intended to reduce the time frame provided to the Disclosing Party to complete their review should they choose to do so.

13.10   <u>Proportionality</u>.  Nothing in this Order is intended to limit a Party's proportionality and burden arguments specifically related to the costs to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness, or segregation of privileged or protected information before production.

13.11   <u>Rule 502(b)(2)</u>.  The provisions of Federal Rule of Evidence 502(b)(2) are inapplicable to the production of Protected Information under this Order.

## 14.    **<u>MISCELLANEOUS</u>**

14.1    <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any Party or other person with standing to seek to modify this Order by the Court in the future.  The Order must not, however, be modified until the Parties have met-and-conferred on the proposed modification(s).  If the Parties agree, an Amended Protective Order may be filed that incorporates the modification(s) and shall become the operative Order.  Motions to modify this Order shall include a proposed Amended Protective Order as an exhibit and shall be served and filed in accordance with the Federal Rules of Civil Procedure and the Local Rules.

14.2    Right to Assert Other Objections.  By entry of this Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Order.

14.3    Right of a Party to Use Its Own Documents.  Nothing in this Order shall affect a Party's use or disclosure of its own documents in any way.

14.4    Right of a Party to Use Independently Obtained Documents.  Nothing in this Order shall impose any restrictions on the use or disclosure by a Party of documents, material or information obtained by such Party independent of formal discovery proceedings in this Action.

14.5    Right to Supplement or Request Deletion.  If during the course of litigation, a data subject with privacy rights pursuant to the Data Protection Laws identified herein exercises his or her right to erasure of personal data contained within the previously produced Protected Material, the Producing Party shall furnish newly redacted versions of the Protected Material within a reasonable time.  The Requesting Party will promptly destroy the original version of the Protected Material and replace it with the redacted version.  The Producing Party may also require the entire document destroyed and replaced with a slip-sheet indicating the Protected Material is subject to erasure pursuant to the applicable Data Protection Law.

14.6    Personally Identifiable Information. Personally identifiable information that a party has designated as Protected Material as defined herein, based on its good faith belief that the information is subject to federal, state, or foreign Data Protection Laws, data privacy laws, or other privacy obligations, or any of the information contained therein, shall be handled by Counsel for the Receiving Party with the highest care.

14.7    Sending Protected Materials:  Any document production that may contain Protected Material shall be produced in encrypted form and the production media shall be labeled "MAY CONTAIN NON-PUBLIC PERSONAL INFORMATION."  If a Producing Party encrypts or "locks" the production, the Producing Party shall send, under separate cover, an explanation of how to decrypt the files.  When a Producing Party ships by U.S. Mail, Federal Express, UPS, or other courier delivery service, any Discovery Material to others designated in this Order as authorized to receive Discovery Material, the Producing Party will encrypt the electronic data and supply the password in a separate correspondence to the recipient.

14.8    Redaction of Privacy Information:  For any matter that any Party claims, in good faith, contains "Personally Identifiable Information," "Sensitive Private Data," or "Nonpublic Personal Information" as these terms are defined under federal, state, or foreign data protection laws, the party shall mark each thing where matter has been redacted with a legend stating "REDACTED," and specify the basis for the redaction (e.g., data privacy) as appropriate, or a comparable notice. The right to challenge and the process for challenging redactions shall be the same as the right to challenge and the process for challenging the confidentiality designations of Discovery Material as set forth above.

## 15.    **FINAL DISPOSITION**

15.1    Within 90 days after the Final Disposition of this action, as defined in Section 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the

Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries, or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain archival copies of all pleadings, motion papers, deposition, hearing, and trial transcripts, legal memoranda, correspondence, deposition, hearing, and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Order as set forth in Section 4.

      15.2    This requirement to return or destroy Confidential Material/Documents also does not require a party or individual subject to this Order to produce or destroy any computer archival or backup tapes, archival or backup systems, archival or backup servers, archival or backup files, any information that is only retrievable through the use of specialized tools or techniques typically used by a forensic expert, or any other data that is generally considered not reasonably accessible. Such material shall continue to be treated as Confidential Information under this Order.

      **SO ORDERED**.        Signed: October 1, 2024

David C. Keesler
United States Magistrate Judge

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 30, 2024

Respectfully submitted,

*/s/ Jack Edwards (with permission)*
Jack Edwards
AJAMIE LLP
711 Louisiana Street, Suite 2150
Houston, TX 77002

**COUNSEL FOR PLAINTIFF**

*/s/ Zachary L. McCamey*
Robert A. Muckenfuss
Zachary McCamey
McGUIREWOODS LLP
210 N. Tryon Street, Suite 3000
Charlotte, NC 28202

**COUNSEL FOR DEFENDANTS**

## EXHIBIT A

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I, _____, of _____,

declare under penalty of perjury that I have read in its entirety and understand the Stipulated

Protective Order that was issued in the case of Kelly Milligan v. Merrill Lynch, Pierce, Fenner &

Smith Inc, et al., Case No. 3:24-CV-440-KDB-DCK (W.D.N.C.).  I agree to be bound by all terms

of this Stipulated Protective Order, and understand and acknowledge that failing to so comply

could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that

I will not disclose in any manner any information or item that is subject to this Stipulated Protective

Order to any person or entity, except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the Western District of North Carolina for

the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement

proceedings occur after termination of this action.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____