UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> vs. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP., <br><br> Defendants. | Case No. 3:24-cv-0040-KDB-DCK <br><br> Judge Kenneth D. Bell <br> Magistrate Judge David Keesler |

**JOINT SUBMISSION REGARDING DISCOVERY AND BRIEFING SCHEDULE
RE: DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Plaintiff Kelly Milligan ("Plaintiff") and Defendants Merrill Lynch, Pierce, Fenner & Smith, Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") (together, "Defendants"), by and through their attorneys, respectfully submit this Joint Submission regarding (1) a proposed briefing schedule on Defendants' pending motion for summary judgment (Dkt. 41); and (2) the scope and timing of discovery Plaintiff maintains is necessary to respond to Defendants' summary judgment motion.

As outlined below, the Parties have reached an agreement on a proposed briefing schedule.

**I.       BACKGROUND**

Plaintiff is a former Merrill Lynch financial advisor ("FA") who, upon leaving Merrill Lynch in 2021, did not receive payment for certain awards issued under the WealthChoice

1

Contingent Award Plan ("WC Plan"). Dkt. 1, ¶¶ 5-6, 11. On April 30, 2024, Plaintiff filed a putative class action Complaint claiming these awards were "wrongfully forfeited" in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"). *Id.* Plaintiff seeks to represent a putative class of former Merrill Lynch FAs who "forfeited" WealthChoice awards from April 30, 2018 through the date of judgment. *Id.* ¶¶ 53. The Complaint asserts three causes of action, all of which arise under ERISA. *Id.* ¶¶ 61-80. Specifically, Plaintiff asserts claims for: (1) declaratory and injunctive relief under 29 U.S.C. § 1132(a)(3), *id.* ¶¶ 61-64; (2) Court-ordered reformation of the WC Plan under 29 U.S.C. § 1132(a)(3), followed by a recovery of the benefits allegedly due to him under the as-reformed WC Plan, *id.* ¶¶ 66-70; and (3) an alleged breach of fiduciary duty under ERISA against a "John/Jane Doe" defendant. *Id.* ¶¶ 72-80.

The Complaint is based on Plaintiff's core allegation that the WC Plan constitutes an "employee pension benefit plan" under ERISA. Dkt. 1 ¶ 3; *see also* 29 U.S.C. § 1002(2). On July 12, 2024, Defendants answered the Complaint by denying Plaintiff's substantive allegations and asserting a number of defenses, including that the WC Plan is not an "employee pension benefit plan" under ERISA. *See generally*, Dkt. 25. As explained in the Answer, Defendants maintain that neither Plaintiff nor any member of the putative class is entitled to any relief, because each claim under ERISA fails as a matter of law if the statute does not apply. *Id.*; *see also* Dkt. 41.

Since Defendants filed their Answer, the Parties have engaged in the following discovery:

- **August 27, 2024.** Plaintiff served a set of Requests for Production on Defendants.
- **September 16, 2024.** The Parties exchanged Rule 26 initial disclosures, identifying documents and witnesses potentially relevant to the claims and defenses at issue.
- **September 16, 2024.** Plaintiff made a production of documents, consisting of around 109 pages of records.

2

- **September 26, 2024.** Defendants provided written responses and objections to Plaintiff's Requests for Production.

- **September 29, 2024.** Defendants produced documents and a dataset in response to Plaintiff's Requests for Production, consisting of around 809 pages of records plus an Excel spreadsheet containing approximately 78,000 lines of data.

On September 30, 2024, Defendants filed a motion for summary judgment (Dkt. 41). Defendants' summary judgment motion contends that the WC Plan is not an "employee pension benefit plan" under ERISA, both based on the text of ERISA itself and pursuant to a Department of Labor regulation clarifying that certain specific plans do not satisfy ERISA's "pension plan" definition. *See generally* Dkt. 41-1. Plaintiff intends to oppose Defendants' motion.

Shortly after this filing, on October 3, 2024, Plaintiff's counsel contacted Defendants' counsel about the motion. Plaintiff's counsel suggested that Plaintiff may consider seeking additional discovery before responding to Defendants' motion, and requested to meet and confer. Counsel for the Parties then conferred about these issues several times, on October 4, 9, 16, and 17, 2024. The Parties also exchanged written correspondence about their respective positions on October 10 (Plaintiff) and October 16 (Defendants), respectively.

Defendants do not believe any additional discovery is necessary for Plaintiff to respond to Defendants' summary judgment motion (Dkt. 41, "Motion"). Fed. R. Civ. P. 56(d). It is Defendants' position that the Motion presents questions of law that this Court can resolve exclusively on facts that Plaintiff cannot genuinely dispute. Plaintiff disagrees and believes additional discovery is needed. Despite Defendants' position, and in seeking to avoid presenting this dispute to the Court and further delaying the resolution of the Motion, Defendants have

3

committed to produce several categories of additional materials to address Plaintiff's purported concerns. Specifically, Defendants have agreed to:

1. Supplement the previously produced dataset to include three additional categories of records for tens of thousands of line entries;

2. Provide written responses to thirteen interrogatory-like questions about the previously produced dataset;

3. Search for and produce documents reflecting the manner in which Bank of America and/or Merrill Lynch accounts for WC Awards for purposes of accounting and tax treatment;

4. Search for and produce documents reflecting how the WC Plan and/or WC Awards are discussed or referred to in recruiting and onboarding materials provided to FAs; and

5. Search for and produce additional "policies and procedures" (if any exist) relating to the granting of, payment for, or cancellation of WC Awards.

Defendants do not believe that any of these categories of information are material to the arguments set forth in their Motion, but will produce the above-referenced materials no later than November 11, 2024.

## II. PROPOSED SCHEDULE

With this production date in mind, the Parties propose the following briefing/production schedule:

- **Defendants' Deadline to Produce Additional Materials:** November 11, 2024

- **Plaintiff's Response Deadline:** December 6, 2024

- **Defendants' Reply Deadline:** December 20, 2024

To the extent that, in preparing his substantive response to Defendants' Motion, Plaintiff still believes additional facts are essential to justify his opposition, in whole or in part, Plaintiff reserves his right to file an affidavit or declaration pursuant to Rule 56(d) with his opposition. Defendants reserve their rights to oppose any such affidavit or declaration Plaintiff may submit.

4

The Parties respectfully request that the Court enter their proposed briefing schedule.

Dated: October 18, 2024

By: /s/ Matthew A. Russell

Robert A. Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
MCGUIRE WOODS LLP
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300
zmccamey@mcguirewoods.com
rmuckenfuss@mcguirewoods.com

Sari M. Alamuddin (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
Eric M. Makinen (*pro hac vice*)
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
(312) 324-1001 (fax)
sari.alamuddin@morganlewis.com
matthew.russell@morganlewis.com
eric.makinen@morganlewis.com

*Attorneys for Defendants*

Respectfully submitted,

By: /s/ John D. Hurst

John D. Hurst
N.C. Bar No. 37680
MOTLEY RICE LLC
50 Clay Street, Suite 1
Morgantown, WV 26501
Telephone: (304) 413-0456
Facsimile: (304) 413-0458
jhurst@motleyrice.com

Mathew P. Jasinski*
Douglas P. Needham*
M. Zane Johnson
MOTLEY RICE LLC
27 Church Street, 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681
Facsimile: (860) 882-1682
mjasinski@motleyrice.com
dneedham@motleyrice.com
zjohnson@motleyrice.com

Thomas R. Ajamie*
John S. "Jack" Edwards, Jr.*
Courtney D. Scobie*
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com
cscobie@ajamie.com

Robert A. Izard*
Craig A. Raabe*
Seth R. Klein*
Christopher M. Barrett*
IZARD, KINDALL & RAABE LLP
29 South Main Street, Suite 305
West Hartford, CT 06107
Tel: (860) 493-6292
Fax: (860) 493-6290
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlaw.com
cbarrett@ikrlaw.com

*Admitted *pro hac vice*.

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I, John D. Hurst, an attorney, hereby certify that on October 18, 2024, I caused a copy of the foregoing to be filed through the Court's CM/ECF Electronic Filing System, which will transmit notice of such filing to all counsel of record.

*/s/ John D. Hurst*
