UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KELLY MILLIGAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP.,<br><br>Defendants. | Civil Action No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br>Magistrate Judge David Keesler<br><br><br><br>CLASS ACTION |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION TO FILE UNDER SEAL CERTAIN EXHIBITS TO THEIR RESPONSE BRIEF IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 6.1 Plaintiff Kelly Milligan, on behalf of himself and all others similarly situated ("Plaintiff"), files this Memorandum of Law in Support of his Motion to Seal.[1]

Plaintiff's Response Brief in Opposition to Defendants' Motion for Summary Judgment attaches certain exhibits that contain sensitive or confidential information related to Merrill Lynch's financial advisor compensation program. Plaintiff's exhibits also contain information

---

[1] Plaintiff has conferred with Defendants regarding the relief sought in the Motion to Seal, and Defendants do not oppose the relief requested. The information Plaintiff seeks to seal is similar in character to the information Defendants moved to seal when they filed their Motion for Summary Judgment. *See* ECF 42. Plaintiff did not oppose that motion, and this Court granted Defendants' motion. *See* ECF 42, 45.

2

related to Plaintiff's compensation while he was employed by Defendants. To protect the confidential and personal information in the Memorandum and exhibits, Plaintiff seeks to file the following under seal:

- An unredacted version of *Plaintiff's Response Brief in Opposition to Defendants' Motion for Summary Judgment* ("Response Brief");

- An unredacted version of the Declaration of M. Zane Johnson ("Johnson Declaration");

- Exhibit A to the Johnson Declaration – an excerpt from a spreadsheet produced by Defendants containing information about each WealthChoice award payment made to Merrill financial advisors (spreadsheet produced as MERRILL_WDNC_00000001); and

- Exhibit F to the Johnson Declaration – document titled "US GAAP Month Ledger," which shows Merrill's calculated values for various components of FA compensation for 2022 and 2023.[2]

Plaintiff will also file a public, redacted version of his Response Brief and the Johnson Declaration, with redactions limited only to the confidential information in those Exhibits.

**ARGUMENT**

While the general public has a right to access court documents filed in a civil case, a district court has discretion to seal documents when the "public's right of access is outweighed by competing interests." *Public Impact, LLC v. Boston Consulting Grp., Inc.*, 117 F. Supp. 3d 732, 745 (M.D.N.C. 2015), quoting *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984). Courts in the Fourth Circuit routinely allow parties to redact confidential or sensitive information. *See, e.g., SMD Software, Inc. v. EMove, Inc.*, No. 5:08-CV-403-FL, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (allowing party to seal on "confidential financial and business information which, if made public, could harm the parties' business interests"); *EEOC v. New Hanover Reg'l Med. Ctr.*, No. 7:09-CV-00085-D, 2012 WL 4321626, at *4 (E.D.N.C. Sept. 20, 2012) (finding "the

---

[2] Plaintiff notes that Defendants originally produced this document to him with redactions.

documents in question contain confidential and personal information of nonparties, which justifies keeping these documents under seal.").

Fourth Circuit precedent holds that "before a district court may seal any court documents, … it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) (citing *Knight*, 743 F.2d at 235-36).

By filing this Motion, Plaintiff satisfies the first prong of *Ashcraft*. Per LCvR 6.1(e), "[n]otice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c)."

Plaintiff satisfies the second prong because he will file redacted copies of his Response Brief and the Johnson Declaration. Filing redacted copies will protect the confidential information contained in the documents while also giving the public access to the vast majority of the documents and thus the ability to consider the documents the Court will use to render its decision on the Defendants' pending motion for summary judgment. Filing redacted copies of Exhibits A and F, however, will not protect the confidentiality and business interests of Defendants and their employees. These documents contain compensation information for certain employees of Defendants and financial information about Defendants' deferred compensation plan, a plan they use to recruit and retain financial advisors. *See* ECF 42-1 at 3.

Plaintiff satisfies the third prong because releasing the confidential business information contained in his Exhibits could cause business and competitive harm to Plaintiff, Defendants, and non-parties should the information be disclosed. For example, several of the redactions in the Response Brief cover information relating to Plaintiff's compensation when he worked for Defendants. The Response Brief, Johnson Declaration, and Exhibits A and F all contain

4

information on how Defendants' compensation programs operate, information Defendants identified in their previous motion to seal as sensitive, confidential information that affects their competitiveness with other financial organizations. *See* ECF 42-1. Exhibit A also contains compensation information from non-party current and former employees of Defendants. Plaintiff's request to redact and seal these documents is reasonable under *Ashcraft* and should be granted.

## CONCLUSION

For these reasons, Plaintiff respectfully requests that the Court grant this Motion and enter an Order allowing Plaintiff to file the Exhibits under seal.

Dated: December 6, 2024                                    Respectfully submitted,

                                                           /s/ John D. Hurst
Thomas R. Ajamie*                                          John D. Hurst
John S. "Jack" Edwards, Jr.*                               N.C. Bar No. 37680
Courtney D. Scobie*                                        MOTLEY RICE LLC
AJAMIE LLP                                                 50 Clay Street, Suite 1
Pennzoil Place - South Tower                               Morgantown, WV  26501
711 Louisiana, Suite 2150                                  Telephone: (304) 413-0456
Houston, TX  77002                                         Facsimile: (304) 413-0458
Telephone: (713) 860-1600                                  jhurst@motleyrice.com
Facsimile: (713) 860-1699
tajamie@ajamie.com                                         Mathew P. Jasinski*
jedwards@ajamie.com                                        Douglas P. Needham*
cscobie@ajamie.com                                         M. Zane Johnson*
                                                           MOTLEY RICE LLC
Robert A. Izard*                                           27 Church Street, 17th Floor
Craig A. Raabe*                                            Hartford, CT  06103
Seth R. Klein*                                             Telephone: (860) 882-1681
Christopher M. Barrett*                                    Facsimile: (860) 882-1682
IZARD, KINDALL & RAABE LLP                                 mjasinski@motleyrice.com
29 South Main Street, Suite 305                            dneedham@motleyrice.com
West Hartford, CT  06107                                   zjohnson@motleyrice.com
Tel: (860) 493-6292
Fax: (860) 493-6290                                        *Admitted *pro hac vice*.
rizard@ikrlaw.com
craabe@ikrlaw.com
sklein@ikrlaw.com
cbarrett@ikrlaw.com

## CERTIFICATE ON USE OF ARTIFICIAL INTELLIGENCE

I, John D. Hurst, an attorney, certify, as required by the Court's June 18, 2024 Order in *In re Use of Artificial Intelligence*, No. 3:24-mc-104 (W.D.N.C.), that:

1. No artificial intelligence was employed in doing the research for the preparation of this document, with the exception of such artificial intelligence embedded in the standard on-line legal research sources Westlaw, Lexis, FastCase, and Bloomberg; and

2. Every statement and every citation to an authority contained in this document has been checked by an attorney in this case and/or a paralegal working under his/her direction as to the accuracy of the proposition for which it is offered, and the citation to authority provided.

*/s/ John D. Hurst*
John D. Hurst

## CERTIFICATE OF SERVICE

I, John D. Hurst, an attorney, certify that on December 6, 2024, I caused a copy of the foregoing document to be filed through the Court's CM/ECF Electronic Filing System, which will transmit notice of such filing to all counsel of record.

*/s/ John D. Hurst*
John D. Hurst