UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INC., BANK OF AMERICA CORP.,<br>and JOHN/JANE DOE 1, THE SENIOR VICE<br>PRESIDENT–HUMAN RESOURCES<br>GLOBAL BANKING AND GLOBAL<br>WEALTH AND INVESTMENT<br>MANAGEMENT ADMINISTRATION AT<br>BANK OF AMERICA CORP.,<br><br>Defendants. | Case No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br>Magistrate Judge David Keesler |

**MEMORANDUM IN SUPPORT OF DEFENDANTS' UNOPPOSED
MOTION TO FILE CERTAIN INFORMATION IN THEIR REPLY
IN SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT UNDER SEAL**

Pursuant to Rule 5.2(d) of the Federal Rules of Civil Procedure and Local Rule 6.1 Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") (together, "Defendants") file this Memorandum in Support of their Motion to Seal.[1]

Defendants' Reply in Support of their Motion for Summary Judgment (the "Reply") contains a limited number of factual statements that reflect sensitive, confidential information. Specifically, these statements reflect information concerning the terms of the Merrill Lynch financial advisor compensation program, which is an important component of Merrill Lynch's

---

[1] Defendants have conferred with counsel for Plaintiff regarding the relief sought in the Motion to Seal, and Plaintiff consents to the relief requested herein.

1

ability to recruit and retain successful financial advisors in a highly competitive market for such employees. Defendants' Reply also includes information relating to amounts paid to Plaintiff Kelly Milligan during his employment with Merrill Lynch. To protect the confidential and personal information in the Reply, Defendants seek to file an unredacted version of the Reply under seal. Defendants also will file a public, redacted version of the Reply with redactions limited only to the confidential information contained therein.

The Court previously granted the parties' respective unopposed motions to file the same sort of compensation information under seal in the related briefing on Defendants' Motion for Summary Judgment. *See* Dkts. 45, 55.

## ARGUMENT

"The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." *In re Knight Pub. Co.*, 743 F.2d 231, 235 (4th Cir. 1984) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Courts within the Fourth Circuit consistently hold that redaction of confidential business information is appropriate when, as here, public disclosure could "harm the parties' business interests." *SMD Software, Inc. v. EMove, Inc.*, 2013 WL 1091054, at *2 (E.D.N.C. Mar. 15, 2013) (maintaining seal on "confidential financial and business information which, if made public, could harm the parties' business interests," and this "risk outweighs the public's right to access these documents"); *see also Jones v. Lowe's Cos., Inc.*, 402 F. Supp. 3d 266, 291 (W.D.N.C. 2019) (Bell, J.), *aff'd*, 845 F. App'x 205 (4th Cir. 2021) (citing *EMove* and maintaining seal of confidential business information to prevent public disclosure).

The Fourth Circuit's decision in *Ashcraft v. Conoco, Inc.*, 218 F.3d 288, 302 (4th Cir. 2000) provides that before entering an order to seal, a district court must "(1) provide public notice of

the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives." *Id*.

Public notice of this Motion to seal satisfies the first *Ashcraft* consideration. *See* LCvR 6.1(e) ("Notice is deemed reasonable where a motion is filed in accordance with LCvR 6.1(c).").

The second *Ashcraft* consideration is also satisfied, because Defendants will file a redacted version of their Reply, which redacts only the confidential information contained therein. And those redactions are limited only to one part of one sentence, plus other parts of one footnote. The filing of the redacted version protects both Merrill Lynch's confidential business information and Plaintiff Kelly Milligan's personal and confidential information contained in the Reply, while also providing the public with an opportunity to "assess[] the basis of the court's decision in this matter." *Jones*, 402 F. Supp. 3d at 291.

Finally, the third *Ashcroft* factor is satisfied because the confidential business information contained in the Reply could cause harm to Defendants should the information be disclosed. In particular, that information reflects the terms of the Bank of America WealthChoice Contingent Award Plan and/or the annual Merrill Lynch Financial Advisor Incentive Compensation Plans over the relevant period, which Defendants consistently treat as proprietary business information because they concern the compensation of their financial advisors and recruiting and retention strategy. The hiring market for successful financial advisors is highly competitive, and Merrill Lynch's ability to recruit and retain such advisors is important to the success of its business. Financial advisors are commonly recruited by other firms, and many choose to change employers over their careers. As such, disclosure of the confidential information contained within the Reply could cause business and competitive harm, therefore satisfying the third *Ashcraft* consideration.

Again, the Court previously granted the parties' respective unopposed motions to file the same sort of compensation information under seal in the related briefing on Defendants' Motion for Summary Judgment. *See* Dkt. 45, 55.

## **CONCLUSION**

WHEREFORE, Defendants respectfully request that the Court grant this Motion and enter an Order allowing Defendants to file an unredacted version of Defendants' Reply in Support of Their Motion for Summary Judgment under seal.

Dated: December 30, 2024

Respectfully submitted,

By: */s/ Robert A. Muckenfuss*

MORGAN, LEWIS & BOCKIUS LLP

Samuel S. Shaulson (*pro hac vice forthcoming*)
600 Brickell Avenue
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
samuel.shaulson@morganlewis.com

Sari M. Alamuddin (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
(312) 324-1001 (fax)
sari.alamuddin@morganlewis.com
matthew.russell@morganlewis.com

MCGUIRE WOODS LLP

Robert A. Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300
zmccamey@mcguirewoods.com
rmuckenfuss@mcguirewoods.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2024, the foregoing was filed with the Court using the CM/ECF system.

                                                       /s/ *Robert A. Muckenfuss*
                                                       Robert A. Muckenfuss