UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>vs.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INC., BANK OF AMERICA CORP.,<br>and JOHN/JANE DOE 1, THE SENIOR VICE<br>PRESIDENT–HUMAN RESOURCES<br>GLOBAL BANKING AND GLOBAL<br>WEALTH AND INVESTMENT<br>MANAGEMENT ADMINISTRATION AT<br>BANK OF AMERICA CORP.,<br><br>    Defendants. | Civil Action No. 3:24-cv-00440<br><br><br><br><br>CLASS ACTION |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
FOR LEAVE TO AMEND THE COMPLAINT**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff Kelly Milligan moves this Court for leave to amend the complaint.[1] In accordance with Local Rule 7.1 and the Pretrial Order and Case Management Plan, ECF 36, Plaintiff's counsel consulted with Defendants' counsel in a good faith attempt to resolve disagreement on the motion prior to filing. Defendants' counsel indicated that they are unable to consent to the proposed amendment at this time but will respond further after conferring with their clients.

---

[1] A clean copy of the proposed Amended Complaint is attached as Exhibit A to Plaintiff's motion for leave. A redline comparing the proposed Amended Complaint to the original Complaint is attached as Exhibit B.

1

Plaintiff filed the original complaint in this action on April 30, 2024, on behalf of himself and a putative class of former financial advisors, alleging that the Merrill Lynch Defendants withheld deferred compensation from financial advisors upon termination of employment in violation of the Employee Retirement Income Security Act ("ERISA"). Compl., ECF 1. Specifically, Plaintiff alleges that Defendants' "WealthChoice" deferred compensation plan is an ERISA plan because it "results in" income being deferred "for periods extending to the termination of covered employment or beyond." Compl. ¶¶1-6, ECF 1 (citing ERISA § 3(2)(A)(ii)).

Through discovery, Plaintiff obtained Merrill Lynch's comprehensive compensation plan for financial advisors, which details the terms governing WealthChoice and various other compensation awards. The plan confirms that the terms governing Restricted Stock Units ("RSUs") that Plaintiff also earned are materially the same as the terms of his WealthChoice compensation, such that ERISA applies to both types of deferred compensation. Accordingly, Plaintiff's amended complaint seeks to recover withheld RSU deferred compensation, in addition to deferred WealthChoice compensation. Plaintiff also proposes to revise the class definition to conform with the applicable statute of limitations[2] and to add plan funding to the relief sought.

Federal Rule of Civil Procedure 15(a)(2) provides that courts "should freely give leave [to] amend when justice so requires." As is the case here, the Fourth Circuit grants such leave when the deadline for amendments has not yet passed. *See Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). Because this Motion complies with the deadline to amend the pleadings set in the case management plan, ECF 36, the Court should deny this motion only if "it would be

---

[2] Federal law does not supply a statute of limitations for a claim seeking equitable relief under ERISA, 29 U.S.C. 1132(a)(3), and therefore federal courts borrow the limitations period of the state-law cause of action to which the ERISA claim is most analogous. In North Carolina, a ten-year statute of limitations applies to actions seeking to impose a constructive trust or to obtain an accounting. *See Pender v. Bank of America Corp.*, 788 F.3d 354, 369 (4th Cir. 2015).

2

prejudicial, there has been bad faith, or the amendment would be futile." *Nourison Rug Corp.*, 535 F.3d at 298. None of these exceptions apply.

First, Defendants are not prejudiced by these amendments. The core of the complaint remains the same: Merrill Lynch's deferred compensation awards to financial advisors are subject to ERISA. The inclusion of RSUs simply clarifies the scope of deferred compensation Plaintiff seeks to recover. Relatedly, none of these changes impacts Defendants' pending motion for summary judgment, which is focused on the core question of ERISA applicability, because any factual distinctions between the RSU and WealthChoice awards are immaterial to this issue. Second, Plaintiff's amendments are in good faith—he diligently seeks amendment in accordance with the Court's timeline to reflect additional information obtained in discovery. Third, these amendments are consistent with Plaintiff's existing theory of liability and are not futile.

Thus, Plaintiff respectfully requests that this Court grant Plaintiff leave to file the amended complaint, attached as Exhibit A.

Dated: January 6, 2024

Respectfully submitted,

*/s/ John D. Hurst*
John D. Hurst
N.C. Bar No. 37680
MOTLEY RICE LLC
50 Clay Street, Suite 1
Morgantown, WV 26501
Telephone: (304) 413-0456
Facsimile: (304) 413-0458
jhurst@motleyrice.com

Thomas R. Ajamie*
John S. "Jack" Edwards, Jr.*
Courtney D. Scobie*
AJAMIE LLP
Pennzoil Place - South Tower
711 Louisiana, Suite 2150
Houston, TX 77002
Telephone: (713) 860-1600
Facsimile: (713) 860-1699
tajamie@ajamie.com
jedwards@ajamie.com
cscobie@ajamie.com

Mathew P. Jasinski*
Douglas P. Needham*
M. Zane Johnson*
MOTLEY RICE LLC
27 Church Street, 17th Floor
Hartford, CT 06103
Telephone: (860) 882-1681

Robert A. Izard*
Christopher M. Barrett*
IZARD, KINDALL & RAABE LLP

3

| | |
|---|---|
| 29 South Main Street, Suite 305 | Facsimile: (860) 882-1682 |
| West Hartford, CT  06107 | mjasinski@motleyrice.com |
| Tel: (860) 493-6292 | dneedham@motleyrice.com |
| Fax: (860) 493-6290 | zjohnson@motleyrice.com |
| rizard@ikrlaw.com | |
| cbarrett@ikrlaw.com | *Pro hac vice* |

## CERTIFICATE OF SERVICE

I hereby certify that on this 6th day of January, 2025, the foregoing was filed with the Court using the CM/ECF system. Notice of this filing will be sent by e-mail to all parties by operation of the CM/ECF system.

*/s/ John D. Hurst*
John D. Hurst