IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, | Civil Action No. 3:24-cv-00440 KDB-DCK |
| Plaintiff, | |
| -against- | Judge Kenneth D. Bell |
| MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP., | Magistrate Judge David Keesler |
| Defendants, | |
| and | |
| JEFFREY DeWEES, REINHOLD WIGAND, JAY TAMKOC, WILLIAM SCHELLEN-BERG, MATTHEW MENDOZA, LUKE McKELVY and ALON HAIM, | |
| Proposed Intervenor-Plaintiffs. | |

## PROPOSED INTERVENOR-PLAINTIFFS' MOTION TO INTERVENE

Proposed Intervenor-Plaintiffs Jeffrey DeWees, Reinhold Wigand, Jay Tamkoc, William Schellenberg, Matthew Mendoza, Luke McKelvy, and Alon Haim ("Intervenor-Plaintiffs"), by and through their counsel at Lax & Neville LLP, hereby move to intervene in this Action pursuant to Rule 24 of the Federal Rules of Civil Procedure.

1. For the reasons set forth in the accompanying Memorandum of Law and the Declaration of Barry R. Lax with supporting exhibits, Intervenor-Plaintiffs have the right to

1

intervene pursuant to Fed. R. Civ. P 24(a)(2) to file a motion to stay these proceedings pursuant to 9 U.S.C. § 3 or, in the alternative, to (i) vacate the January 16, 2025 Order staying all non-summary judgment proceedings and (ii) stay Merrill Lynch's Motion for Summary Judgment pending Named Plaintiff Kelly Milligan's motion for class certification, if any ("Proposed Motion").

2. Intervenor-Plaintiffs are putative members of the proposed mandatory class and have a direct interest in (i) their own ERISA claims for direct, individual monetary damages for individual forfeiture under a defined contribution plan (the "WealthChoice Plan") that are putatively the subject of this putative mandatory class action in which there is a pending Motion for Summary Judgment that will substantially affect their claims and arbitration rights but has not been, and under an existing stay cannot be, a motion to certify the putative mandatory class; (ii) their right to arbitrate their WealthChoice Plan claims before the Financial Industry Regulatory Authority ("FINRA") and to enforce that right pursuant to 9 U.S.C. § 3 of the Federal Arbitration Act; and (iii) the right to and integrity of their existing FINRA arbitration *DeWees*, *et al Merrill Lynch, Pierce, Fenner & Smith, Inc.*, FINRA No. 24-02157, involving ERISA claims under two Merrill Lynch defined contribution plans, including the WealthChoice Plan claims putatively the subject of this proposed class action.

3. Intervenor-Plaintiffs interests have been, are being and will continue to be impaired without intervention and are not adequately represented by the existing parties to this action, for the reasons set forth by the accompanying Memorandum of Law.

4. Intervenor-Plaintiffs also move to intervene to raise arbitrability, notice and certification issues arising from at least 32 other ongoing FINRA arbitrations between Merrill Lynch and at least 240 putative members of the proposed class, Merrill Lynch's written post-dispute submission to some or all of these FINRA arbitrations, and Merrill Lynch's ongoing attempts to "pause" or "stay" these FINRA arbitrations "pending a ruling on the motion for

2

Case 3:24-cv-00440-KDB-DCK     Document 66     Filed 02/14/25     Page 2 of 4

certification in *Milligan*" with the Court. Merrill Lynch has not disclosed these issues to the Court. For the reasons set forth by the accompanying Memorandum of Law, neither Merrill Lynch nor Named Plaintiff can adequately represent absent putative class members who (i) have submitted or intend to submit WealthChoice Plan claims to arbitration or (ii) have no notice of this Action, the pending Motion for Summary Judgment that, through the actions of the existing parties, will be decided prior to and potentially in lieu of the Court taking up mandatory class certification, and the significant affect this heretofore un-pursued putative mandatory class action and the Motion for Summary Judgment will have on their substantive rights and right to arbitrate their claims.

5. In the alternative, Intervenor-Plaintiffs should be permitted to intervene because this Action and the FINRA Arbitration between Intervenor-Plaintiffs and Merrill Lynch share common issues of law and fact, intervention will protect their own and other absent putative class members' significant protectable interests, their interests are adverse to the existing parties, and the existing parties will not be prejudiced. Fed . R. Civ. P. Rule 24(b)(3).

6. In accordance with Local Rule 7.1, prior to filing this motion to intervene, counsel for Intervenor-Plaintiffs consulted with counsel for the parties and could not resolve the dispute reflected in this motion.

WHEREFORE, Intervenor-Plaintiffs respectfully request that the Court grant this Motion to Intervene.

Dated: February 14, 2025

| **Teague Campbell Dennis & Gorham, LLP** | **Lax & Neville, LLP** |
|---|---|
| */s/Jacob Wellman* | */s/ Barry R. Lax* |
| Jacob Wellman | Barry R. Lax |
| PO Box 19207 | 350 Fifth Ave. Suite 4640 |
| Raleigh, NC  27619 | New York, NY 10118 |
| Telephone: 919.719.4734 | Telephone: 212-696-1999 |
| Email:  JWellman@teaguecampbell.com | Email: blax@laxneville.com |
| *Local Counsel to Proposed Intervenor-Plaintiffs* | *Attorneys for Proposed Intervenor-Plaintiffs* |

## CERTIFICATE OF SERVICE

I, Jacob Wellman, an attorney, hereby certify that on February 14, 2025, a copy the foregoing document was filed through the Court's CM/ECF Electronic Filing System, which will transmit notice of such filing to all counsel of record.

*/s/Jacob Wellman*
Jacob Wellman, Esq.
