IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>-against-<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP.,<br><br>Defendants,<br><br>and<br><br>JEFFREY DeWEES, REINHOLD WIGAND, JAY TAMKOC, WILLIAM SCHELLEN-BERG, MATTHEW MENDOZA, LUKE McKELVY and ALON HAIM,<br><br>Proposed Intervenor-Plaintiffs. | Civil Action No. 3:24-cv-00440 KDB-DCK<br><br>Judge Kenneth D. Bell<br><br>Magistrate Judge David Keesler |

**DECLARATION OF BARRY R. LAX IN SUPPORT OF PROPOSED INTERVENOR-PLAINTIFFS' MOTION TO INTERVENE AND PROPOSED MOTION**

I, BARRY R. LAX, declare the following under the penalty of perjury:

1. I am a Partner at Lax & Neville LLP, counsel for proposed Intervenor-Plaintiffs Jeffrey DeWees, Reinhold Wigand, Jay Tamkoc, William Schellenberg, Matthew Mendoza, Luke

McKelvy, and Alon Haim ("Intervenor-Plaintiffs"). As such, I am fully familiar with the facts set forth herein.

2. I submit this Declaration in support of Intervenor-Plaintiffs' Motion to Intervene and the accompanying Proposed Motion to Stay.

3. I have annexed to this declaration the following Exhibits which are submitted in support of Intervenor Plaintiffs' Motion to Intervene and Proposed Motion to Stay.

4. Attached hereto as Exhibit A is a true and complete copy of Intervenor-Plaintiffs' FINRA Statement of Claim dated October 7, 2024, filed in *DeWees*, *et al Merrill Lynch, Pierce, Fenner & Smith, Inc.*, FINRA No. 24-02157 ("FINRA Statement of Claim").

5. Attached hereto as Exhibit B is a true and complete copy of the Uniform Submission Agreement dated December 3, 2024, submitted by Merrill Lynch in *DeWees*, *et al Merrill Lynch, Pierce, Fenner & Smith, Inc.*, FINRA No. 24-02157 ("Merrill FINRA Uniform Submission Agreement"), and the Uniform Submission Agreements submitted by Claimants on October 7, 2024.

6. Attached hereto as Exhibit C is a true and complete copy of Merrill Lynch's Combined Answer and Motion to Stay, dated December 2, 2024, filed by Merrill Lynch in *DeWees et al.* FINRA Arbitration ("Merrill Combined Answer and Motion to Stay").

7. Attached hereto as Exhibit D is a true and complete copy of the FINRA Director's Order dated December 18, 2024 in the *DeWees et al.* FINRA Arbitration, denying Merrill Lynch's Motion to Stay and ordering that the matter proceed in accordance with FINRA's Code of Arbitration Procedure ("FINRA Order").

8. Attached hereto as Exhibit E is a true and complete copy of Financial Industry Regulatory Authority Central Registration Depository Report for Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch FINRA CRD Report").

9. Attached hereto as Exhibit F is a true and complete copy of the Financial Industry Regulatory Authority Central Registration Depository Reports for each of the Intervenor-Plaintiffs Jeffrey DeWees, Reinhold Wigand, Jay Tamkoc, William Schellenberg, Matthew Mendoza, Luke McKelvy, and Alon Haim ("Intervenor-Plaintiffs' CRD Reports").

10. Attached hereto as Exhibit G is a true and complete copy of relevant provisions of the FINRA Manual, By-Laws of the Corporation ("FINRA By-Laws").

11. Attached hereto as Exhibit H is a true and complete copy of FINRA Rule 13200, FINRA Rule 2263, FINRA Rule 2010, FINRA Rule IM-13000, FINRA Rule 13303, FINRA Rule 13204, and FINRA Rule 13308.

12. Attached hereto as Exhibit I is a true and complete copy of Form U4 "Uniform Application for Securities Industry Registration or Transfer" ("Form U4").

13. Attached hereto as Exhibit J is a true and complete copy of the FINRA Regulatory Notice 16-25 dated July 2016 ("FINRA RN 16-25").

14. Attached hereto as Exhibit K is a true and complete copy of Claimants' notice in the *DeWees et al.* FINRA Arbitration pursuant to FINRA Rule 13204(a)(2) that they will not participate in the class action or in any recovery that may result from the *Milligan* class action pending against Merrill Lynch in the Western District of North Carolina, dated December 12, 2024 ("December 12, 2024 Notice").

15. Attached hereto as Exhibit L is a true and complete copy of Merrill Lynch's Reply in further support of its Answer and Motion to Stay, dated December 17, 2024, filed in the *DeWees et al.* FINRA Arbitration ("Merrill Reply IFSO Answer and Motion to Stay").

16. Attached hereto as Exhibit M is a true and complete copy of Merrill Lynch's "Notice to Panel of Motion to Stay" dated January 22, 2025, filed in the *DeWees et al.* FINRA Arbitration ("Merrill Notice to Panel of Motion to Stay").

17. On October 25, 2024, and November 7, 2024, 25 former Merrill Lynch advisors brought ERISA and other claims against Merrill Lynch in two other FINRA arbitrations *Foltz et al v. Merrill Lynch* (FINRA No. 24-02301) and *Coffey et al v. Merrill Lynch* (FINRA No. 24-02400). Merrill Lynch has filed identical motions to "pause" those arbitrations. Merrill Lynch has filed a Uniform Submission Agreement in *Foltz*.

18. My firm represents 71 additional former Merrill Lynch advisors who intend to file ERISA claims, including WealthChoice Claims, in FINRA.

19. On February 13, 2025, during the Initial Prehearing Conference in the *DeWees et al.* FINRA Arbitration, Merrill Lynch represented to the FINRA Panel and Intervenor-Plaintiffs' counsel that it is in at least other 32 FINRA arbitrations involving WealthChoice Claims filed by at least 240 former Merrill Lynch advisors.

20. Merrill Lynch also conceded that nothing in the Code requires or even authorizes the FINRA Panel to stay the FINRA Arbitration but argued that the Panel should either stay it anyway or set the schedule for the arbitration twice as far in the future as FINRA standard so that this Court can rule on certification of a mandatory class or, if sooner, summary judgment.

21. After Intervenor-Plaintiffs informed the FINRA Panel of this Court's January 16 Order staying all proceedings in this Court other than Merrill Lynch's Motion for Summary Judgment and other factual and legal deficiencies in Merrill Lynch's December 2, 2024 Motion, Merrill Lynch argued that it should be permitted to file a revised brief to "update the Panel" on "new developments" in this Action.

22. The FINRA Panel continued the Initial Prehearing Conference and gave Merrill Lynch the "opportunity to file a proper motion on notice," with briefs due on February 27, 2025 opposition papers due March 10, 2025 and reply papers due March 17, 2025.

WHEREFORE, I respectfully request that this Court grant the Intervenor-Plaintiffs Motion to Intervene and the Proposed Motion to Stay.

Dated: New York, New York
February 14, 2025

By: _____
Barry R. Lax, Esq.