# ARTICLE V REGISTERED REPRESENTATIVES AND ASSOCIATED PERSONS

## Qualification Requirements

**Sec. 1.**  No member shall permit any person associated with the member to engage in the investment banking or securities business unless the member determines that such person satisfies the qualification requirements established under Article III, Section 2 and is not subject to a disqualification under Article III, Section 4.

> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.

## Application for Registration

**Sec. 2.**  (a) Application by any person for registration with the Corporation, properly signed by the applicant, shall be made to the Corporation via electronic process or such other process as the Corporation may prescribe, on the form to be prescribed by the Corporation and shall contain:

(1) an agreement to comply with the federal securities laws, the rules and regulations thereunder, the rules of the Municipal Securities Rulemaking Board and the Treasury Department, the By-Laws of the Corporation, NASD Regulation, and NASD Dispute Resolution, the Rules of the Corporation, and all rulings, orders, directions, and decisions issued and sanctions imposed under the Rules of the Corporation; and

(2) such other reasonable information with respect to the applicant as the Corporation may require.

(b) The Corporation shall not approve an application for registration of any person who is not eligible to be an associated person of a member under the provisions of Article III, Section 3.

(c) Every application for registration filed with the Corporation shall be kept current at all times by supplementary amendments via electronic process or such other process as the Corporation may prescribe to the original application. Such amendment to the application shall be filed with the Corporation not later than 30 days after learning of the facts or circumstances giving rise to the amendment. If such amendment involves a statutory disqualification as defined in Section 3(a)(39) and Section 15(b)(4) of the Act, such amendment shall be filed not later than ten days after such disqualification occurs.

> Amended by SR-NASD-2007-023 eff. July 30, 2007.
> Amended by SR-NASD-2006-104 eff. Dec. 20, 2006.
> Amended by SR-NASD-2006-135 eff. Dec. 20, 2006.
> Amended by SR-NASD-2001-06 eff. May. 8, 2001.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-96-21 eff. July 15, 1996.

## Notification by Member to the Corporation and Associated Person of Termination; Amendments to Notification

**Sec. 3.**  (a) Following the termination of the association with a member of a person who is registered with it, such member shall, not later than 30 days after such termination, give notice of the termination of such association to the Corporation via electronic process or such other process as the Corporation may prescribe on a form designated by the Corporation, and concurrently shall provide to the person whose association has been terminated a copy of said notice as filed with the Corporation. A member that does not submit such notification and provide a copy to the person whose association has been terminated, within the time period prescribed, shall be assessed a late filing fee as specified by the Corporation. Termination of registration of such person associated with a member shall not take effect so long as any complaint or action under the Rules of the Corporation is pending against a member and to which complaint or action such person associated with a member is also a respondent, or so long as any complaint or action is pending against such person individually under the Rules of the Corporation. The Corporation, however, may in its discretion declare the termination effective at any time.

(b) The member shall notify the Corporation via electronic process or such other process as the Corporation may prescribe by means of an amendment to the notice filed pursuant to subsection (a) in the event that the member learns of facts or circumstances causing any information set forth in said notice to become inaccurate or incomplete. Such amendment shall be filed with the Corporation via electronic process or such other process as the Corporation may prescribe and a copy provided to the person whose association with the member has been terminated not later than 30 days after the member learns of the facts or circumstances giving rise to the amendment.

EXHIBIT
G

> Amended by SR-NASD-2007-023 eff. July 30, 2007.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-96-21 eff. July 15, 1996.
> Amended eff. June 12, 1989 and Apr. 15, 1992.

# Retention of Jurisdiction

**Sec. 4.** (a) A person whose association with a member has been terminated and is no longer associated with any member of Corporation or a person whose registration has been revoked or canceled shall continue to be subject to the filing of a complaint under the Corporation Rules based upon conduct that commenced prior to the termination, revocation, or cancellation or upon such person's failure, while subject to the Corporation's jurisdiction as provided herein, to provide information requested by Corporation pursuant to the Corporation's Rules, but any such complaint shall be filed within:

    (i) two years after the effective date of termination of registration pursuant to Section 3, provided, however that any amendment to a notice of termination filed pursuant to Section 3(b) that is filed within two years of the original notice that discloses that such person may have engaged in conduct actionable under any applicable statute, rule, or regulation shall operate to recommence the running of the two-year period under this subsection;

    (ii) two years after the effective date of revocation or cancellation of registration pursuant to the Corporation's Rules ; or

    (iii) in the case of an unregistered person, two years after the date upon which such person ceased to be associated with the member.

(b) A person whose association with a member has been terminated and is no longer associated with any member of Corporation shall continue to be subject to a proceeding to suspend, consistent with Article VI, Section 3 of the By-Laws, his or her ability to associate with a member based on such person's failure **to comply with** an arbitration award or a written and executed settlement agreement obtained in connection with an arbitration or mediation submitted for disposition pursuant to the Corporation's Rules, provided that such proceeding is instituted within two years after the date of entry of such award or settlement.

> Amended by SR-NASD-2007-023 eff. July 30, 2007.
> Amended by SR-NASD-2003-069 eff. Sept. 9, 2004.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-94-64 eff. Feb. 9, 1995.
> Amended eff. Apr. 15, 1992.
>
> **Selected Notices:** 87-16, 88-67, 88-68, 89-57, 90-61, 91-60, 91-61, 94-52, 04-57.

# ARTICLE VI DUES, ASSESSMENTS, AND OTHER CHARGES

## Power of the Corporation to Fix and Levy Assessments

**Sec. 1.** The Corporation shall prepare an estimate of the funds necessary to defray reasonable expenses of administration in carrying on the work of the Corporation each fiscal year, and on the basis of such estimate, shall fix and levy the amount of admission fees, dues, assessments, and other charges to be paid by the members and issuers and any other persons using any facility or system which the Corporation, NASD Regulation, or NASD Dispute Resolution operates or controls. Fees, dues, assessments, and other charges shall be called and payable as determined by the Corporation from time to time; provided, however, that such admission fees, dues, assessments, and other charges shall be equitably allocated among members and issuers and any other persons using any facility or system which the Corporation operates or controls. The Corporation may from time to time make such changes or adjustments in such fees, dues, assessments, and other charges as it deems necessary or appropriate to assure equitable allocation of dues among members. In the event of termination of membership or the extension of any membership to a successor organization during any fiscal year for which an assessment has been levied and become payable, the Corporation may make such adjustment in the fees, dues, assessments, or other charges payable by any such member or successor organization or organizations during such fiscal years as it deems fair and appropriate in the circumstances.

> Amended by SR-NASD-2007-023 eff. July 30, 2007.
> Amended by SR-NASD-2006-104 eff. Dec. 20, 2006.
> Amended by SR-NASD-2006-135 eff. Dec. 20, 2006.
> Amended by SR-NASD-2001-06 eff. May. 8, 2001.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.

## Reports of Members

Amended by SR-NASD-2007-023 eff. July 30, 2007.
Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
Amended by SR-NASD-96-20 eff. July 11, 1996.
Amended by SR-NASD-93-48 eff. Mar. 8, 1994.

**Selected Notice:** 93-15, 94-52.

# ARTICLE XII DISCIPLINARY PROCEEDINGS

Sec. 1.  The Board shall have authority to establish procedures relating to disciplinary proceedings involving members and their associated persons.

Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
Amended by SR-NASD-96-20 eff. July 11, 1996.

Sec. 2.  Except as otherwise permitted under these By-Laws or the Act, in any disciplinary proceeding under the Rules of the Corporation, any member or person associated with a member shall be given the opportunity to have a hearing at which such member or person associated with a member shall be entitled to be heard in person or by counsel or by a representative as provided in the Rules of the Corporation. Such persons may present any relevant material in accordance with the Rules of the Corporation. In any such proceeding against a member or against a person associated with a member to determine whether the member or the person associated with a member shall be disciplined:

(a) specific charges shall be brought;

(b) such member or person associated with a member shall be notified of and be given an opportunity to defend against such charges;

(c) a record shall be kept; and

(d) any determination shall include a statement setting forth:

(i) any act or practice, in which such member or person associated with a member may be found to have engaged or which such member or person associated with a member may be found to have omitted;

(ii) the rule, regulation, or statutory provision of which any such act or practice, or omission to act, is deemed to be in violation;

(iii) the basis upon which any findings are made; and

(iv) the sanction imposed.

Amended by SR-NASD-2007-023 eff. July 30, 2007.
Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
Amended by SR-NASD-96-20 eff. July 11, 1996.

# ARTICLE XIII POWERS OF BOARD TO IMPOSE SANCTIONS

Sec. 1.  The Board is hereby authorized to impose appropriate sanctions applicable to members, including censure, fine, suspension, or expulsion from membership, suspension or bar from being associated with all members, limitation of activities, functions, and operations of a member, or any other fitting sanction, and to impose appropriate sanctions applicable to persons associated with members, including censure, fine, suspension or barring a person associated with a member from being associated with all members, limitation of activities, functions, and operations of a person associated with a member, or any other fitting sanction, for:

(a) breach by a member or a person associated with a member of any covenant with the Corporation or its members;

(b) violation by a member or a person associated with a member of any of the terms, conditions, covenants, and provisions of the By-Laws of the Corporation, NASD Regulation, or NASD Dispute Resolution, the Rules of the Corporation, or the federal securities laws, including the rules and regulations adopted thereunder, the rules of the Municipal Securities Rulemaking Board, and the rules of the Treasury Department;

(c) failure by a member or person associated with a member to: (i) submit a dispute for arbitration as required by the Rules of the Corporation; (ii) appear or produce any document in the member's or person's possession or control as directed pursuant to the Rules of the Corporation; (iii) comply with an award of arbitrators properly rendered pursuant to the Rules of the Corporation, where a timely motion to vacate or modify such award has not been made pursuant to applicable law or where such a motion has been denied; or (iv) comply with a written and executed settlement agreement obtained in connection with an arbitration or mediation submitted for disposition pursuant to the Rules of the Corporation;

(d) refusal by a member or person associated with a member to abide by an official ruling of the Board or any committee exercising powers assigned by the Board with respect to any transaction which is subject to the Uniform Practice Code; or

(e) failure by a member or person associated with a member to adhere to any ruling, order, direction, or decision of or to pay any sanction, fine, or costs imposed by the Board or any entity to which the Board has delegated its powers in accordance with the Delegation Plan.

> Amended by SR-NASD-2007-023 eff. July 30, 2007.
> Amended by SR-NASD-2006-104 eff. Dec. 20, 2006.
> Amended by SR-NASD-2006-135 eff. Dec. 20, 2006.
> Amended by SR-NASD-2001-06 eff. May 8, 2001.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-96-20 eff. July 11, 1996.
> Amended eff. Sept. 4, 1990.

Sec. 2.  The Board may delegate its authority under this Article in accordance with the Delegation Plan.

> Adopted by SR-NASD-97-71 eff. Jan. 15, 1998.

# ARTICLE XIV UNIFORM PRACTICE CODE

## Authority to Adopt Code

Sec. 1.  The Board is hereby authorized to adopt a Uniform Practice Code and amendments, interpretations and explanations thereto, designed to make uniform, where practicable, custom, practice, usage, and trading technique in the investment banking and securities business with respect to such matters as trade terms, deliveries, payments, dividends, rights, interest, reclamations, exchange of confirmations, stamp taxes, claims, assignments, powers of substitution, computation of interest and basis prices, due-bills, transfer fees, "when, as and if issued" trading, "when, as and if distributed" trading, marking to the market, and close-out procedure, all to the end that the transaction of day-to-day business by members may be simplified and facilitated, that business disputes and misunderstandings, which arise from uncertainty and lack of uniformity in such matters, may be eliminated, and that the mechanisms of a free and open market may be improved and impediments thereto removed.

> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-96-20 eff. July 11, 1996.

## Administration of Code

Sec. 2.  The administration of any Uniform Practice Code, or any amendment thereto, adopted by the Board pursuant to Section 1, shall be vested in the Board, and the Board is hereby granted such powers as are reasonably necessary to achieve its effective operation. In the exercise of such powers, the Board may issue explanations and interpretations and make binding rulings with respect to the applicability of the provisions of the Uniform Practice Code to situations in which there is no substantial disagreement as to the facts involved. In accordance with the Delegation Plan, the Board may delegate to the NASD Regulation Board such of the Board's powers hereunder as it deems necessary and appropriate to achieve effective administration and operation of the Uniform Practice Code.

> Amended by SR-NASD-2006-104 eff. Dec. 20, 2006.
> Amended by SR-NASD-2006-135 eff. Dec. 20, 2006.
> Amended by SR-NASD-2005-087 eff. Aug. 1, 2006.
> Amended by SR-NASD-97-71 eff. Jan. 15, 1998.
> Amended by SR-NASD-96-20 eff. July 11, 1996.

## Transactions Subject to Code

Sec. 3.  All over-the-counter transactions in securities by members, except transactions in securities which are exempted under Section 3(a)(12) of the Act, or are municipal securities as defined in Section 3(a)(29) of the Act, are subject to the provisions of the Uniform Practice Code and to the provisions of Section 2 unless exempted therefrom by the terms of the Uniform Practice Code.