# 13200. Required Arbitration

**(a) Generally**

Except as otherwise provided in the Code, a dispute must be arbitrated under the Code if the dispute arises out of the business activities of a member or an associated person and is between or among:

- Members;
- Members and Associated Persons; or
- Associated Persons.

**(b) Insurance Activities**

Disputes arising out of the insurance business activities of a member that is also an insurance company are not required to be arbitrated under the Code.

---

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

---

‹ PART II GENERAL ARBITRATION RULES     UP     13201. STATUTORY EMPLOYMENT DISCRIMINATION CLAIMS, DISPUTES ARISING UNDER A WHISTLEBLOWER STATUTE THAT PROHIBITS THE USE OF PREDISPUTE ARBITRATION AGREEMENTS, SEXUAL ASSAULT CLAIMS, AND SEXUAL HARASSMENT CLAIMS ›



# FINRA

# 2263. Arbitration Disclosure to Associated Persons Signing or Acknowledging Form U4

A member shall provide an associated person with the following written statement whenever the associated person is asked, pursuant to FINRA Rule 1010, to sign an initial or amended Form U4, or otherwise provide written (which may be electronic) acknowledgment of an amendment to the Form U4:

The Form U4 contains a predispute arbitration clause. It is in item 5 of Section 15A of the Form U4. You should read that clause now. Before signing the Form U4, you should understand the following:

(1) You are agreeing to arbitrate any dispute, claim or controversy that may arise between you and your firm, or a customer, or any other person that is required to be arbitrated under the rules of the self-regulatory organizations with which you are registering. This means you are giving up the right to sue a member, customer, or another associated person in court, including the right to a trial by jury, except as provided by the rules of the arbitration forum in which a claim is filed.

(2) A claim alleging employment discrimination in violation of a statute is not required to be arbitrated under FINRA rules. Such a claim may be arbitrated at FINRA only if the parties have agreed to arbitrate it, either before or after the dispute arose. The rules of other arbitration forums may be different.

(3) A dispute arising under a whistleblower statute that prohibits the use of predispute arbitration agreements is not required to be arbitrated under FINRA rules. Such a dispute may be arbitrated only if the parties have agreed to arbitrate it after the dispute arose.

(4) A party alleging a sexual assault claim or sexual harassment claim that has agreed to arbitrate before the dispute arose may elect post dispute not to arbitrate such a claim under the Code. Such a claim may be arbitrated if the parties have agreed to arbitrate it after the dispute arose.

(5) Arbitration awards are generally final and binding; a party's ability to have a court reverse or modify an arbitration award is very limited.

(6) The ability of the parties to obtain documents, witness statements and other discovery is generally more limited in arbitration than in court proceedings.

(7) The arbitrators do not have to explain the reason(s) for their award unless, in an eligible case, a joint request for an explained decision has been submitted by all parties to the panel at least 20 days prior to the first scheduled hearing date.

(8) The panel of arbitrators may include arbitrators who were or are affiliated with the securities industry or public arbitrators, as provided by the rules of the arbitration forum in which a claim is filed.

(9) The rules of some arbitration forums may impose time limits for bringing a claim in arbitration. In some cases, a claim that is ineligible for arbitration may be brought in court.

Amended by SR-FINRA-2022-012 eff. May 13, 2022.
Amended by SR-FINRA-2021-003 eff. Feb. 23, 2021.
Amended by SR-FINRA-2011-067 eff. May 21, 2012.
Amended by SR-FINRA-2009-019 eff. Sep. 25, 2009.
Amended by SR-NASD-2006-046 eff. April 03, 2006.
Adopted by SR-NASD-99-08 eff. Jan. 18, 2000.

**Selected Notices:** 99-96, 09-40, 12-21, 22-15.

‹ 2262. DISCLOSURE OF CONTROL RELATIONSHIP WITH ISSUER          UP          2264. MARGIN DISCLOSURE STATEMENT ›

**VERSIONS**

May 13, 2022 onwards



# 2010. STANDARDS OF COMMERCIAL HONOR AND PRINCIPLES OF TRADE

A member, in the conduct of its business, shall observe high standards of commercial honor and just and equitable principles of trade.

***Cross References–***

1122, Filing of Misleading Information as to Membership or Registration
2111, Suitability
2121.01, Mark-Up Policy
2342, "Breakpoint" Sales
5130, Restrictions on the Purchase and Sale of Initial Equity Public Offerings
5210, Publication of Transactions and Quotations
5220, Offers at stated Prices
5270, Front Running of Block Transactions
5320, Prohibition Against Trading Ahead of Customer Orders
11111, Refusal to Abide by Rulings of the Committee
IM-12000, Failure to Act Under Provisions of Code of Arbitration Procedure for Customer Disputes
IM-13000, Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes

Amended by SR-FINRA-2008-028 eff. Dec. 15, 2008.
Amended by SR-NASD-2005-087 eff. Aug. 1, 2006

**Selected Notices:** 96-44, 08-57.

‹ 2000. DUTIES AND CONFLICTS              UP              2020. USE OF MANIPULATIVE, DECEPTIVE OR OTHER FRAUDULENT DEVICES ›

Disclaimer: The summary and detailed topics are only available for 40 FINRA Rules and have been applied as part of the FINRA Rulebook Search Tool™ (FIRST™) prototype. FIRST is for informational purposes only and does not provide regulatory or compliance advice. You should always review the relevant rule text and the related guidance to understand your regulatory obligations. Usage or reliance on this tool is not a defense to a failure to comply with the FINRA rules. Learn More

# IM-13000. Failure to Act Under Provisions of Code of Arbitration Procedure for Industry Disputes

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member or a person associated with a member to:

(a) fail to submit a dispute for arbitration under the Code as required by the Code;

(b) fail to comply with any injunctive order issued pursuant to the Code;

(c) fail to appear or to produce any document in his possession or control as directed pursuant to provisions of the Code;

(d) fail to honor an award, or comply with a written and executed settlement agreement, obtained in connection with an arbitration submitted for disposition pursuant to the rules applicable to the arbitration of disputes before FINRA or other dispute resolution forum selected by the parties where timely motion has not been made to vacate or modify such award pursuant to applicable law; or

(e) fail to comply with a written and executed settlement agreement, obtained in connection with a mediation submitted for disposition pursuant to the procedures specified by FINRA.

All awards shall be honored by a cash payment to the prevailing party of the exact dollar amount stated in the award. Awards may not be honored by crediting the prevailing party's account with the dollar amount of the award, unless authorized by the express terms of the award or consented to in writing by the parties. Awards shall be honored upon receipt thereof, or within such other time period as may be prescribed by the award.

It may be deemed conduct inconsistent with just and equitable principles of trade and a violation of Rule 2010 for a member to require associated persons to waive the arbitration of disputes contrary to the provisions of the Code of Arbitration Procedure.

---

Amended by SR-FINRA-2008-057 eff. Dec. 15, 2008.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Amended by SR-NASD-2007-026 eff. April 16, 2007.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57.

---

‹ PART I INTERPRETIVE MATERIAL, DEFINITIONS, ORGANIZATION AND AUTHORITY          UP          13100. DEFINITIONS ›



# 13303. Answering the Statement of Claim

(a) Respondent(s) must serve each other party with the following documents within 45 days of receipt of the statement of claim:

(1) Signed and dated Submission Agreement; and

(2) An answer specifying the relevant facts and available defenses to the statement of claim.

The respondent may include any additional documents supporting the answer to the statement of claim. Parties that fail to answer in the time provided may be subject to default proceedings under Rule 13801.

(b) The answer to the statement of claim may include any counterclaims against the claimant, cross claims against other respondents, or third party claims, specifying all relevant facts and remedies requested, as well as any additional documents supporting such claim. If the answer contains a third party claim, the respondent must execute a Submission Agreement that lists the name of the third party and serve the third party with the answer containing the third party claim, the Submission Agreement, and all documents previously served by any party, or sent to the parties by the Director, by first-class mail, overnight mail service, overnight delivery service, hand delivery, email or facsimile, and must file proof of service with the Director through the Party Portal except as provided in Rule 13300(a)(2). The respondent must file the third party claim and the Submission Agreement with the Director through the Party Portal except as provided in Rule 13300(a)(2).

(c) At the same time that the answer to the statement of claim is served on the other parties, the respondent must file copies of the Submission Agreement, the answer to the statement of claim, and any additional documents, with the Director, pursuant to Rule 13300(b).

(d) If the answer to the statement of claim contains any counterclaims, cross claims or third party claims, the respondent must pay all required filing fees.

---

Amended by SR-FINRA-2022-033 eff. March 4, 2024.
Amended by SR-FINRA-2022-022 eff. July 28, 2022.
Amended by SR-FINRA-2016-029 eff. April 3, 2017.
Amended by SR-FINRA-2008-031. eff. Feb. 9, 2009.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notice:** 07-07, 08-57, 09-04, 17-03, 24-03.

---

‹ 13302. FILING AND SERVING AN INITIAL STATEMENT OF CLAIM       UP       13304. ANSWERING COUNTERCLAIMS ›

**VERSIONS**

Mar 04, 2024 onwards

# FINᖇA

# 13204. Class Action and Collective Action Claims

**(a) Class Actions**

(1) Class action claims may not be arbitrated under the Code.

(2) Any claim that is based upon the same facts and law, and involves the same defendants as in a court-certified class action or a putative class action, or that is ordered by a court for class-wide arbitration at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, unless the party bringing the claim files with FINRA one of the following:

(A) a copy of a notice filed with the court in which the class action is pending that the party will not participate in the class action or in any recovery that may result from the class action, or has withdrawn from the class according to any conditions set by the court; or

(B) a notice that the party will not participate in the class action or in any recovery that may result from the class action.

(3) The Director will refer to a panel any dispute as to whether a claim is part of a class action, unless a party asks the court hearing the class action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel.

(4) A member or associated person may not enforce any arbitration agreement against a member of a certified or putative class action with respect to any claim that is the subject of the certified or putative class action until:

- The class certification is denied;

- The class is decertified;

- The member of the certified or putative class is excluded from the class by the court; or

- The member of the certified or putative class elects not to participate in the class or withdraws from the class according to conditions set by the court, if any.

**(b) Collective Actions**

(1) Collective action claims under the Fair Labor Standards Act, the Age Discrimination in Employment Act, or the Equal Pay Act of 1963 may not be arbitrated under the Code.

(2) Any claim that involves plaintiffs who are similarly-situated against the same defendants as in a court-certified collective action or a putative collective action, or that is ordered by a court for collective action at a forum not sponsored by a self-regulatory organization, shall not be arbitrated under the Code, if the party bringing the claim has opted-in to the collective action.

(3) The Director will refer to a panel any dispute as to whether a claim is part of a collective action, unless a party asks the court or other forum hearing the collective action to resolve the dispute within 10 days of receiving notice that the Director has decided to refer the dispute to a panel.

(4) A member or associated person may not enforce an agreement to arbitrate in this forum against a member of a certified or putative collective action with respect to any claim that is the subject of the certified or putative collective action until the collective action certification is denied or the collective action is decertified.

These subparagraphs do not otherwise affect the enforceability of any rights under the Code or any other agreement.

---

Amended by SR-FINRA-2012-027 eff. July 9, 2012.
Amended by SR-FINRA-2011-075 eff. July 9, 2012.
Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57, 12-28.

‹ 13203. DENIAL OF FINRA FORUM          UP          13205. SHAREHOLDER DERIVATIVE ACTIONS ›

## VERSIONS

Jul 09, 2012 onwards



# 13308. Loss of Defenses Due to Untimely or Incomplete Answer

(a) If a party does not answer within the time period specified in the Code, the panel may, upon motion, bar that party from presenting any defenses or facts at the hearing, unless the time to answer was extended in accordance with the Code. The party may also be subject to default proceedings under Rule 13801, if the conditions of Rule 13801(a) apply.

(b) If a party answers a claim that alleges specific facts and contentions with a general denial, or fails to include defenses or relevant facts in its answer that were known to it at the time the answer was filed, the panel may bar that party from presenting the omitted defenses or facts at the hearing.

Amended by SR-FINRA-2008-021 eff. Dec. 15, 2008.
Adopted by SR-NASD-2004-011 eff. April 16, 2007.

**Selected Notices:** 07-07, 08-57.

‹ 13307. DEFICIENT CLAIMS                                    UP                                    13309. AMENDING PLEADINGS ›