UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN,<br>ON BEHALF OF HIMSELF AND<br>ALL OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>    v.<br><br>MERRILL LYNCH, PIERCE, FENNER &<br>SMITH INC., BANK OF AMERICA CORP.,<br>and JOHN/JANE DOE 1, THE SENIOR VICE<br>PRESIDENT–HUMAN RESOURCES<br>GLOBAL BANKING AND GLOBAL<br>WEALTH AND INVESTMENT<br>MANAGEMENT ADMINISTRATION AT<br>BANK OF AMERICA CORP.,<br><br>    Defendants.<br><br>and<br><br>JEFFREY DeWEES, REINHOLD WIGAND,<br>JAY TAMKOC, WILLIAM<br>SCHELLENBERG, MATTHEW MENDOZA,<br>LUKE McKELVY, and ALON HAIM,<br><br>    Proposed Intervenor-<br>    Plaintiffs | Case No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br>Magistrate Judge David Keesler |

### DEFENDANTS' RESPONSE TO PRO HAC VICE MOTIONS FILED BY PROPOSED INTERVENOR-PLAINTIFFS

Pursuant to Local Rule 7.1, Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. ("Merrill Lynch") and Bank of America Corp. ("Bank of America") (together, "Defendants") file this Response to Proposed Intervenor-Plaintiffs' ("Intervenors") Motions for Admission *Pro Hac Vice* for Mr. Barry Lax and Mr. Robert Miller (Doc. Nos. 71, 72) (together, "*Pro Hac* Motions") and state as follows:

1. On February 14, 2025, Intervenors filed a Motion to Intervene and a Motion to Stay. (Doc. Nos. 66, 69).

2. In both their Motion to Intervene and in their Motion to Stay, Intervenors' counsel certified under Local Rule 7.1 that "prior to filing [the Motions], counsel for Intervenor-Plaintiffs consulted with counsel for the parties and could not resolve the dispute reflected in [the Motions]." Doc. 66 ¶ 6; Doc. 69, p. 2.

3. Counsel for Defendants has no record of ever communicating with Intervenors' counsel concerning the Motion to Stay or the Motion to Intervene (or the relief sought in either Motion) prior to Intervenors' filing of the same.

4. On February 24, 2025, local counsel for Defendants (Mr. Robert Muckenfuss and Mr. Zach McCamey) contacted local counsel for the Intervenors (Mr. Jacob Wellman) to raise this issue.

5. Later that day, February 24, 2025, local counsel for both parties held a phone call. During that call, Defendants' local counsel asked Intervenors' local counsel to explain the basis for their Local Rule 7.1 certification in the Motion to Stay and Motion to Intervene. Intervenors' counsel stated that he was told by their "lead counsel" that "lead counsel" for the Intervenors met and conferred with "lead counsel" for Defendants at an arbitration hearing.

6. Mr. Muckenfuss explained that none of the lawyers representing Defendants in this matter had any record or memory of any meet-and-confer on the Motion to Stay or the Motion to Intervene (or the relief sought in either Motion). Mr. Muckenfuss asked Intervenors' local counsel for the identity of the lawyer(s) on Defendants' side involved in any such meet-and-confer, but Intervenors' counsel was unable to provide that name.

7. During the same call, Intervenors' counsel indicated that he would follow up with his "lead counsel" to get more information on the meet and confer and get back to Defendants' counsel quickly.

8. Intervenors' counsel asked Defendants' counsel during this same call if Defendants had a position on their forthcoming *pro hac vice* motions. Defendants' counsel told Intervenors' counsel that they would prefer to resolve the Local Rule 7.1 certification issue, and specifically determining whether or not Intervenors made a misrepresentation to the Court, before Defendants could take a position on such motions.

9. Having not heard back yet, Defendants' local counsel followed up with Intervenors' local counsel by email on Tuesday February 25, 2025, to see if Intervenors' counsel had any update on the issues discussed during the earlier call. Intervenors' counsel did not respond.

10. On Wednesday February 26, 2025, without communicating further with Defendants' counsel, Intervenors filed their *Pro Hac* Motions. In their initial *Pro Hac* Motions, Intervenors stated that "Local Counsel has conferred with counsel for the other parties. Counsel for the Plaintiffs has indicated that they do not object to this motion. Counsel for the Defendants has not stated whether they consent or object to this motion." Doc. No. 71 ¶ 8, No. 72, ¶ 8. After a subsequent email exchange between Defendants' and Intervenors' local counsel, Intervenors filed amended *Pro Hac* Motions, stating that "Counsel for the Defendants states that they do object to this motion." Doc. No. 73 ¶ 8, No. 74, ¶ 8.

11. Defendants initially withheld their consent to the *Pro Hac* Motions because Defendants were awaiting an explanation of the facts supporting the certification contained in Intervenors' Motion to Stay and Motion to Intervene. However, Intervenors then proceeded to file their *Pro Hac* Motions without any further meet and confer and without providing any explanation

3

for the discrepancy Defendants' counsel had raised. Without that information, Defendants cannot sufficiently assess whether Intervenors may have made two misrepresentations to the Court in their very first two filings in this case and, therefore, cannot yet consent to the *Pro Hac* Motions.

Dated: February 27, 2025

Respectfully submitted,

By: */s/ Robert A. Muckenfuss*

| | |
|---|---|
| MORGAN, LEWIS & BOCKIUS LLP | MCGUIRE WOODS LLP |

Samuel S. Shaulson (*pro hac vice forthcoming*)
600 Brickell Avenue
Miami, FL 33131
T: (305) 415-3000
F: (305) 415-3001
samuel.shaulson@morganlewis.com

Sari M. Alamuddin (*pro hac vice*)
Matthew A. Russell (*pro hac vice*)
110 North Wacker Drive, Suite 2800
Chicago, IL 60606
(312) 324-1000
(312) 324-1001 (fax)
sari.alamuddin@morganlewis.com
matthew.russell@morganlewis.com

Robert A. Muckenfuss, NC State Bar #28218
Zachary L. McCamey, NC State Bar #53540
201 North Tryon Street, Suite 3000
Charlotte, NC 28202
(704) 343-2000
(704) 343-2300
zmccamey@mcguirewoods.com
rmuckenfuss@mcguirewoods.com

*Attorneys for Defendants*