# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| KELLY MILLIGAN, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP.,<br><br>Defendants,<br><br>and<br><br>JEFFREY DeWEES, REINHOLD WIGAND, JAY TAMKOC, WILLIAM SCHELLENBERG, MATTHEW MENDOZA, LUKE McKELVY, and ALON HAIM,<br><br>Proposed Intervenor-Plaintiffs. | Case No. 3:24-cv-00440-KDB-DCK<br><br>Judge Kenneth D. Bell<br><br>Magistrate Judge David Keesler |

**DECLARATION OF MATTHEW A. RUSSELL IN SUPPORT OF DEFENDANTS'
COMBINED OPPOSITION TO THE PROPOSED INTERVENORS'
MOTION TO INTERVENE (DKT. 66) AND MOTION TO STAY (DKT. 69)**

Pursuant to 28 U.S.C. § 1746, I, Matthew A. Russell, declare and state as follows:

1. I am over 18 years old and have personal knowledge of, and am competent to testify to, all of the facts set forth herein.

2. I am a partner with the law firm of Morgan, Lewis & Bockius LLP ("Morgan Lewis"). I am counsel of record for Defendants in this matter, admitted *pro hac vice*.

1

3. On February 14, 2025, Proposed Intervenor-Plaintiffs filed a Motion to Intervene (Dkt. 66) and a Motion to Stay (Dkt. 69) (together, "Motions"). In both Motions, counsel for the Proposed Intervenor-Plaintiffs certified under Local Rule 7.1 that "prior to filing [the Motions], counsel for Intervenor-Plaintiffs consulted with counsel for the parties and could not resolve the dispute reflected in [the Motions]." Dkt. 66 ¶ 6; Dkt. 69 at 2.

4. I do not recall and have no record of ever communicating with Proposed Intervenor-Plaintiffs' counsel (lead or local) concerning the Motions or the relief sought therein prior to the filing of the Motions.

5. It is my understanding that no other Morgan Lewis attorney has communicated with Proposed Intervenor-Plaintiffs' counsel (lead or local) concerning the Motions or the relief sought therein prior to the filing of the Motions. Upon reading Proposed Intervenor-Plaintiffs' conferral certification, I asked all Morgan Lewis attorneys working on this matter to check their emails and phone records to confirm that they, too, did not have a record of any communication from Proposed Intervenor-Plaintiffs' counsel (lead or local) regarding the Motions. All confirmed that they did not have any such record.

6. As counsel for Defendants, I am also aware that since Plaintiff Milligan initiated this action on April 30, 2024, many other former Financial Advisors ("FAs") for Defendant Merrill Lynch have initiated FINRA arbitrations that assert claims based on the same theory of ERISA liability that Plaintiff Milligan advances here: that the WealthChoice Contingent Award Plan is a "pension plan" under ERISA and, if ERISA governs, violated ERISA's vesting and anti-forfeiture requirements. To date, 252 former FAs have initiated 34 arbitrations against Defendant Merrill Lynch on this basis. Several of the FINRA panels handling these arbitrations have

2

scheduled merits hearings in those matters. Currently, the latest scheduled hearing begins on **May 3, 2027**, however, the FINRA panels in other cases have not yet scheduled the hearing dates.

7. Proposed Intervenor-Plaintiffs (Jeffrey DeWees, Reinhold Wigand, Jay Tamkoc, William Schellenberg, Matthew Mendoza, Luke McKelvy, and Alon Haim) initiated one such FINRA arbitration by filing a Statement of Claim on October 7, 2024.

8. In that arbitration proceeding, the FINRA panel set an Initial Pre-Hearing Conference ("IPHC") for February 13, 2025. I attended the IPHC, as did other Morgan Lewis attorneys and lead counsel for Proposed Intervenor-Plaintiffs (Barry R. Lax and Robert R. Miller). All attended the IPHC remotely via Zoom, as did the three FINRA arbitrators comprising the panel in this matter.

9. During the IPHC, the FINRA panel heard argument from the parties on a motion from Merrill Lynch to stay the arbitration temporarily pending further developments in this case. At no point during the IPHC did lead counsel for Proposed Intervenor-Plaintiffs state that Proposed Intervenor-Plaintiffs intended to move to intervene in or move to stay this action. Thus, neither I nor the other Morgan Lewis attorneys attending the IPHC engaged in any discussion with lead counsel for Proposed Intervenor-Plaintiffs regarding an attempt for them to file their Motions in this action or otherwise to seek to intervene, move to stay, or any other relief they now purport to seek in this case.

10. Attached hereto as Exhibit A is a true and correct copy of an Order issued by the FINRA panel after the conclusion of the IPHC on February 13, 2025.

11. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 28th day of February 2025.

/s/ Matthew A. Russell

3

# EXHIBIT A

©2025 FINRA. All rights reserved.  FINRA Dispute Resolution Services



# ORDER

**Submitted By:** Steven Gentry (On behalf of the arbitration panel)
**Submitted Date:** 02/13/2025 03:57:40 PM ET

**Case ID & Parties:**
*FINRA Dispute Resolution Services*
ORDER

**Case Number:** 24-02157

**In the Matter of the Arbitration Between**

| Claimant(s) | VS | Respondent(s) |
|---|---|---|
| Jeffrey A Dewees | | Merrill Lynch Pierce Fenner & Smith Inc. |
| Luke R McKelvy | | |
| William A Schellenberg | | |
| Jay Tamkoc | | |
| Alon Haim | | |
| Matthew D Mendoza | | |
| Reinhold Wigand | | |

## PREHEARING CONFERENCE

1. Was a prehearing conference held in the above captioned matter?
- ● Yes
- ○ No

a. Prehearing conference date:
A prehearing conference was held in the above captioned matter on **02/13/2025** at **11:00 AM Pacific Time Zone**

b. The following arbitrator(s) participated in the hearing:
Chairman: Steven Gentry(Participated ☑)

Panelist: Edward Weiss(Participated ☑)

Panelist: Marc Weitz(Participated ☑)

c. The following party representatives participated in the hearing:
Identify Claimant Representatives:

> *Barry Lax, Robert Miller, Lori Baitarian*

Identify Respondent Representatives:

> *Kim Lunetta, Matt Russell, Amanda Burch, Anahi Cruz, Ira Rosenstein*

d. FINRA Dispute Resolution Services staff attendee:

©2025 FINRA. All rights reserved.

- **The following FINRA Dispute Resolution Services Staff person participated in the hearing:**
  *Maria Gatica*
- ○ Not applicable

## ISSUES ADDRESSED

2. Issues addressed: (i.e., name of motion or request, by which party)
- **The following pleadings have been addressed:**

  *Respondent's request for stay of proceedings; continuance of Initial Pre-Hearing Conference.*

## ORDER DECIDED BY

3. Decided by:
- ○ Chairperson
- **Panel**

## RULINGS

4. Rulings:
- **After considering the pleadings submitted by the parties (and oral arguments, if prehearing conference held), the Panel/Chairperson rules as follows:**

  *Initial Pre-Hearing Conference is continued to April 8, 2025, at 11:00 a.m. Pacific Time.*

  *Respondent's motion for stay pending developments in the federal Milligan case shall be filed no later than February 27, 2025; opposition papers shall be filed no later than March 10, 2025; reply papers shall be filed no later than March 17, 2025.*

  *Motion papers shall include a summary of the current status of the Milligan case.*

  *Hearing on motion will be April 8, 2025, at 11:00 a.m. If motion is denied, the Initial Pre-Hearing Conference will proceed immediately thereafter.*

5. Order compliance date:
- ○ The parties should comply with this order by _____
- **Not applicable**

©2025 FINRA. All rights reserved.

## ASSESSMENT OF FEES

6. Cost of prehearing conference:

- **If the parties settle this matter with no further hearings, the forum fees for this prehearing conference (or discovery-related motion decided without a prehearing conference) are assessed as follows:**

    _____% to Claimant(s), jointly and severally

    **_100_**% to Respondent(s), jointly and severally

    _____% assessed to _____

    _____% assessed to _____

    _____% assessed to _____

    _____% assessed to _____

- ○ Not applicable

## ATTACHMENTS

There are no attached documents.