# Exhibit 2

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| KELLY MILLIGAN, ON BEHALF OF HIMSELF AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiff, <br><br> v. <br><br> MERRILL LYNCH, PIERCE, FENNER & SMITH INC., BANK OF AMERICA CORP., and JOHN/JANE DOE 1, THE SENIOR VICE PRESIDENT–HUMAN RESOURCES GLOBAL BANKING AND GLOBAL WEALTH AND INVESTMENT MANAGEMENT ADMINISTRATION AT BANK OF AMERICA CORP., <br><br> Defendants. <br><br> and <br><br> JEFFREY DeWEES, REINHOLD WIGAND, JAY TAMKOC, WILLIAM SCHELLENBERG, MATTHEW MENDOZA, LUKE McKELVY, and ALON HAIM, <br><br> Proposed Intervenor-Plaintiffs | Case No. 3:24-cv-00440-KDB-DCK <br><br> Judge Kenneth D. Bell <br> Magistrate Judge David Keesler |

## DECLARATION OF ATTORNEY ROBERT A. MUCKENFUSS

The undersigned, Robert A. Muckenfuss, after being duly sworn, deposes and says:

1. I am a partner with the law firm of McGuireWoods LLP and practice in its Charlotte, North Carolina office.

2. I am a North Carolina licensed attorney in good standing and serve as local counsel in this case for Defendants Merrill Lynch, Pierce, Fenner & Smith Inc. and Bank of America Corp. ("Defendants").

3.     On February 14, 2025, Proposed Intervenor-Plaintiffs filed a Motion to Intervene (Doc. No. 66) and a Motion to Stay (Doc. No. 69) (together, "Motions"). In both Motions, counsel for the Proposed Intervenor-Plaintiffs certified under Local Rule 7.1 that "prior to filing [the Motions], counsel for Intervenor-Plaintiffs consulted with counsel for the parties and could not resolve the dispute reflected in [the Motions]." Doc. 66 ¶ 6; Doc. 69, p. 2.

4.     I did not, nor did any other lawyer in my firm to my knowledge, communicate in any form about the Motions with counsel for the Proposed Intervenor-Plaintiffs prior to the filing of the Motions. To be sure that I had not mistakenly missed a communication on this topic, I searched both my email inbox as well as my voicemail for any communication from the Proposed Intervenor-Plaintiffs' counsel on this topic. I also instructed my associate, Mr. Zach McCamey, to search his records for any such communication. Neither Mr. McCamey nor I found any such communication.

5.     I spoke with Defendants' national counsel at the law firm of Morgan Lewis who likewise confirmed that they had not communicated with counsel for the Proposed Intervenor-Plaintiffs concerning the Motions (or the relief sought therein) before the Motions were filed.

6.     In light of this issue, I contacted the Proposed Intervenor-Plaintiffs' local counsel, Mr. Jacob Wellman, on February 24, 2025 to raise this issue and to request the basis for the Proposed Intervenor-Plaintiffs' Local Rule 7.1 certification in the Motions.

7.     During this February 24th phone call, I informed Mr. Wellman of my concern that he and the other counsel not licensed or admitted *pro hac vice* in North Carolina had certified compliance with Local Rule 7.1 when it appeared that no such meet and confer had ever occurred. Mr. Wellman confirmed he had not been involved directly in any meet and confer and stated that his "lead counsel" told him they had "talked to" the Defendants' lead counsel,

2

Case 3:24-cv-00440-KDB-DCK    Document 78-2    Filed 02/28/25    Page 3 of 7

Morgan Lewis, in the context of the arbitration between those parties. I informed Mr. Wellman that the attorneys at Morgan Lewis stated there was no such discussion. I asked Mr. Wellman to find out with whom his "lead counsel" claimed to have this discussion at Morgan Lewis and when this discussion allegedly occurred. Mr. Wellman agreed he would find out and get back to me quickly. On the same call, Mr. Wellman asked me if we would consent to *pro hac* submissions by his "lead counsel." I told him we needed to figure out this serious issue first, which could impact any potential consent.

8. Having not heard anything, I followed up with Mr. Wellman via email on February 25, 2025, to see if he had an update on this issue. I did not receive a response from the Proposed Intervenor-Plaintiffs' counsel on February 25th.

9. On February 26, 2025, the Proposed Intervenor-Plaintiffs filed their Motions for Admission *Pro Hac Vice* for Mr. Barry Lax and Mr. Robert Miller (Doc. Nos. 71, 72) (together, "*Pro Hac* Motions"). At the time of the filing of the *Pro Hac* Motions, Mr. Wellman had not gotten back to me yet regarding my inquiry.

10. Following the filling of the *Pro Hac* Motions at 3:33 pm on February 26, 2025, I emailed Mr. Wellman explaining my concern and frustration that he filed the *Pro Hac* Motions without updating me first on my inquiry. Ex. A. Mr. Wellman responded via email, in pertinent part, stating that he was "not in a position to have further discussions" on the issue of the Local Rule 7.1 certification contained in the Motion to Stay and Motion to Intervene. Ex. A.

11. As of the filing of this Declaration, the Proposed Intervenor-Plaintiffs have not provided Defendants' counsel with any explanation for the basis for their Local Rule 7.1 certification in the Motion to Stay and Motion to Intervene. There has also been no explanation as to why Intervenor-Plaintiffs' "lead counsel" had signed a certification under Local Rule 7.1

even though "lead counsel" had not yet been admitted *pro hac vice*, and it appears that no such meet and confer had ever occurred. Mr. Wellman has also never explained to me why he would have signed the certification without proof that any such meet and confer had happened and where I had not been contacted prior to the Motions being filed.

12. Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this the 28th day of February 2025 in Charlotte, North Carolina.

Respectfully submitted,

By: */s/ Robert A. Muckenfuss*
Robert A. Muckenfuss

# EXHIBIT A

# McCamey, Zachary L.

| | |
|---|---|
| **From:** | Jacob H. Wellman <JWellman@teaguecampbell.com> |
| **Sent:** | Wednesday, February 26, 2025 4:18 PM |
| **To:** | Muckenfuss, Robert A.; McCamey, Zachary L. |
| **Subject:** | RE: 3:24-cv-00440-KDB-DCK Milligan v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al |

**\*\*EXTERNAL EMAIL; use caution with links and attachments\*\***

Mr. Muckenfuss:

You told me you were refraining from taking a position on the PHV pending further discussion of the previous representation. I do not concede your assumption with regard to the lack of consent representation in the previous motions, but I am not in a position to have further discussion on that point. We filed the PHV motion and included my understanding of your position because the hearing is less than a week away. Since it is now your position that you oppose PHV, I will file revised PHV motions making that clear. My assistant is out this week, so it may be the morning before my backup can get them revised and filed.

Best regards,


**Jacob Wellman**
Partner
Teague Campbell
**Direct:** 919.719.4734

---

**From:** Muckenfuss, Robert A. <RMuckenfuss@mcguirewoods.com>
**Sent:** Wednesday, February 26, 2025 2:33 PM
**To:** Jacob H. Wellman <JWellman@teaguecampbell.com>; McCamey, Zachary L. <ZMcCamey@mcguirewoods.com>
**Subject:** RE: 3:24-cv-00440-KDB-DCK Milligan v. Merrill Lynch, Pierce, Fenner & Smith, Inc. et al

Mr. Wellman:

I have not heard from you and assume there is no support for your claim that you satisfied the local rule for the motion to stay and motion to intervene. I told you we may have an issue with the pro hac submissions based on this issue. I noticed you have now filed pro hac motions without first resolving this issue and incorrectly represented to the court that defense counsel has not indicated either way whether we'll consent. We will take all of this up with judge Bell immediately. You should also revise your filing to reflect that we will oppose the pro hac submissions.


**Robert A. Muckenfuss**
Partner